## Charles F. Bayer, Appellant, *v.* Patrick Walsh et al.

*Will—Devise—Option to purchase.*

Testator devised a lot as follows: "I give and devise my residence on Brownsville avenue, valued at $3,000, to my daughter, Alice Walsh, and my sons Edward McMullen and Joseph McMullen to be divided in shares, thus: Alice $1,200, Edward $800 and Joseph $1,000, to hold to themselves, their heirs and assigns forever; provided that my daughter, Alice Walsh, may, at her option, within five years of my death, purchase the shares of Edward and Joseph named in this item, price not exceeding the amount bequeathed to each." Testator died Oct. 19, 1892. On Oct. 31, 1892, Alice exercised her option and bought Edward's share, paying him $800. On Nov. 1, 1892, execution was issued on a judgment entered against Edward in his father's lifetime, and on the same day a levy was made on his interest. *Held*, that the purchaser at the sheriff's sale which followed the levy took no title as against Alice.

Argued Nov. 8, 1894. Appeal, No. 272, Oct. T., 1894, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Oct. T.,

1893, No. 383, on a verdict for the plaintiff. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for four-fifteenths interest in land. Before MA-GEE, J.

In addition to the facts stated in the opinion of the Supreme Court, Alice Walsh testified as follows: " Q. Under the privilège accorded you in that will you may state whether or not you purchased your brother Edward's share in that property ? A. I did purchase his share. Q. When did you purchase it ? A. Edward's—on the 31st of October, 1892. Q. On the 31st of October, 1892? A. Yes, sir. Q. Did you pay the money for it on that day ? A. I did. Q. How did you pay it ? A. How do you mean ? Q. Was it in cash? A. I paid the money and got a receipt for it. Q. Was it in cash? A. It was partly gold and partly paper. Q. Was it your own money, Mrs. Walsh? A. It was. Q. You didn't get a deed for this property at the time you paid this money, Mrs. Walsh? A. I got a receipt. Q. You afterwards got the deed? A. I got the deed afterwards. Q. Is this the deed that Edward gave you in pursuance of that sale on the 31st of October? A. That is the deed."

Defendant's request for binding instruction was affirmed.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was above instruction, quoting it.

*S. A. Will,* for appellant.—Edward McMullen only acquired this interest in the lot of ground on the death of his father, Oct. 19, 1892, and the pre-existing judgment of plaintiff was not a lien against this interest when it became vested in him, but it became a lien by the execution: Ross & Alsbree's Appeals, 106 Pa. 82 ; Riland v. Eckert, 23 Pa. 215 ; Stephen's Exr.'s Ap., 38 Pa. 15 ; Act of April 22, 1856, P. L. 532 ; Drake v. Brown, 68 Pa. 223.

A defendant setting up a parol contract to defeat an ejectment on the legal title comes under the same rule as if he were a plaintiff seeking to enforce specific performance: Moore v. Small, 19 Pa. 471; Ballou v. March, 133 Pa. 64 ; Mellon v.

Davison, 123 Pa. 298; Hammer v. McEldowney, 46 Pa. 334; Ferguson v. Staver, 33 Pa. 413; Soles v. Hickman, 20 Pa. 180; Troup v. Troup, 87 Pa. 149; Hart v. Carroll, 85 Pa. 508; Moyer's Ap., 105 Pa. 432; Lord's Ap., 105 Pa. 451; Reno v. Moss, 120 Pa. 49.

Two ingredients are essential to take a parol contract for sale of land out of the statute : (1) Possession under the contract, at time of it and in pursuance thereof. (2) Purchase money paid, or valuable improvements made, to such extent as cannot be compensated in damages: Milliken v. Dravo, 67 Pa. 230; Woods v. Farmere, 10 W. 195 ; Moore v. Small, 19 Pa. 461 ; Haslet v. Haslet, 6 W. 464; Christy v. Barnhart, 14 Pa. 260; Greenlee v. Greenlee, 22 Pa. 225; Myers v. Byerly, 45 Pa. 368; Aitkins v. Young, 12 Pa. 15; Frye v. Shepler, 7 Pa. 91; Miller v. Zufall, 113 Pa. 317; Anderson v. Brinser, 129 Pa. 376; Hill v. Meyers, 43 Pa. 173 ; Eckert v. Eckert, 3 P. & W. 332.

A tenant in common in possession cannot sell by parol to his co-tenant in possession, so as to pass title. Nor will the payment of the purchase money alone take a parol sale out of the statute: Galbreath v. Galbreath, 5 Watts, 146; Hill v. Meyers, 43 Pa. 170; Spencer's Ap., 80 Pa. 37; Chadwick v. Felt, 35 Pa. 305; McCormick's Ap., 57 Pa. 54; Birkbeck v. Kelly, 9 Atl. R. 313; Myers v. Byerly, 45 Pa. 368; Christy v. Barnhart, 14 Pa. 260.

A contract of parol sale is not executed until delivery of the deed, and the possession and other acts of ownership after that time are to be accounted for by the deed, and cannot be called in in aid of the parol contract: Willey v. Day, 51 Pa. 51.

Whether the evidence is sufficient to take the case out of the statute of frauds is for the court: Troup v. Troup, 87 Pa. 149; Bowers 'v. Bowers, 95 Pa. 477.

The receipts offered in evidence were wholly insufficient as written evidence of a contract for sale of land, and even far short of certain essentials set forth in the writings offered in evidence in Mellon v. Davidson, 123 Pa. 298; Reno v. Moss, 120 Pa. 49; Hammer v. McEldowney, 46 Pa. 334; Ferguson v. Staver, 33 Pa. 413; Ballou v. March, 133 Pa. 64.

The purposes of the acts of 13th and 27th Elizabeth were " to place parties under a disability to commit fraud, in requiring

for the characteristics of an honest act such circumstances as none but an honest intention can be assumed:" Buckley v. Duff & Sons, 114 Pa. 602; Mateer v. Hissim, 3 P. & W. 163; Clark v. Depew, 25 Pa. 509; Kelly's Ap., 77 Pa. 236; Bunn v. Ahl, 29 Pa. 387; McKibben v. Martin, 64 Pa. 352; Kaine v. Weigley, 22 Pa. 179; Rogers v. Hall, 4 Watts, 359; Zerbe v. Miller, 17 Pa. 488; Close v. Benjamin, 9 Atl. R. 51.

There is no power or direction to sell under the will: Hunt & Lehman's Ap., 105 Pa. 141; Neely v. Grantham, 56 Pa. 442; Roland v. Miller, 100 Pa. 47; Peterson's Ap., 88 Pa. 397; Anewalt's Ap., 42 Pa. 416.

*John R. Harbison, Clarence Burleigh* with him, for appellee.—Neither Edward nor Joseph McMullen took any interest in the land as such so devised by the testator: Johnson v. Johnson, 81* Pa. 257.

For the purposes of this case it is not necessary to consider what relations existed between Alice and her brothers before this payment of $800, in pursuance of the will, was made. Any right appellant might have was confessedly acquired after this payment.

Under the will and evidence, Edward parted with personal property, and no deed of conveyance was necessary, however desirable it might be: Mellon v. Reed, 123 Pa. 1; Johnson v. Johnson, 81* Pa. 257.

But, conceding that his interest was real estate, the case at bar is not within the statute of frauds. The option from the father to the daughter being in writing, her acceptance by parol and payment was sufficient, for where an option is given in writing for the purchase of land and it is accepted by parol within the time stipulated, it is not within the statute of frauds: Smith & Fleck's Ap., 69 Pa. 480.

That the purchase by Alice Walsh was bona fide was not denied. No fraud was alleged.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 7, 1895:

It is admitted that Patrick McMullen, whom both parties recognize as the common source of title, died seized of the lot in controversy October 19, 1892; and that, by his last will, dated October 1, 1890, and probated October 29, 1892, he

devised said lot as follows : " I give and devise my residence on
Brownsville avenue, with lot 37 feet front by 120 feet deep,
. . . . valued at $3,000, to my daughter, Alice Walsh, and
my sons, Edward McMullen and Joseph McMullen, to be
divided in shares, thus : Alice $1,200, Edward $800, and Joseph
$1,000, to hold to themselves, their heirs and assigns forever;
provided, that my daughter, Alice Walsh, may, at her option,
within five years of my death, purchase the shares of Edward
and Joseph named in this item, price not exceeding the amount
bequeathed to each."

This action was brought to recover possession of the alleged
four-fifteenths interest of Edward McMullen in the lot devised
as aforesaid, which plaintiff claimed to have acquired by pur-
chase at sheriff's sale on an execution issued November 1, 1892,
—on a judgment entered against Edward McMullen in his
father's lifetime,—and levied same day on his interest in said
lot.   It is conceded that plaintiff had no lien on said interest
prior to November 1, 1892, when he caused the execution to
be issued and levy made.   It therefore follows that if the inter-
est of Edward McMullen under his father's will was legally
divested before the date of said levy, the plaintiff acquired
nothing by virtue of the said sale and sheriff's deed.   In sub-
stance, that was the defence relied on by the defendants.   Their
contention was that, after her father's death, Mrs. Walsh deter-
mined to exercise the option, given to her by the will, to take
her brother Edward's interest in the lot on the terms and con-
ditions therein expressed ; that her election to do so was fully
consummated on October 31, 1892, by payment of the $800,
acceptance of the same by Edward and giving the receipts put
in evidence.   There was no room for any doubt as to the facts
of which this defence is predicated.   They were clearly and
conclusively proved by witnesses whose credibility was un-
questioned, and whose testimony was not controverted or in
any degree affected by any evidence in the cause.   The con-
trolling facts having been thus established, the learned trial
judge affirmed defendants' first point and directed a verdict in
their favor.   In this, we are not prepared to say there was any
error.   Mrs. Walsh had an undoubted right to exercise the
option given her by the will.   That she did exercise it and
fully comply with the terms thereof before the levy was made

cannot be seriously doubted. Having done so, she was as completely invested with title to the four fifteenths in question as she was with the six-fifteenths interest directly devised to her. As to both, she took under the provisions of her father's will; the one directly and the other by electing to take and paying the sum named in the will. The transaction was in no sense a purchase from Edward. That would imply consent on his part, which under the terms of the will was wholly unnecessary. It was for Mrs. Walsh, and for her alone, to determine whether she would exercise the option or not. But assuming for the sake of argument that the transaction was a purchase of Edward's interest in the lot, the plaintiff could not be permitted to recover as against a complete equitable title in Mrs. Walsh, acquired by the purchase and payment of the consideration money before any lien attached by virtue of the levy or otherwise. Under our system of administering equity in common law actions, the defendants might well rely on an outstanding equitable title in Mrs. Walsh to the four-fifteenths interest in controversy. No trial judge should sustain a verdict in favor of the plaintiff in the face of such conclusive proof in support of the defence as was given in this case.

We find no error in the record that requires a reversal of the judgment.

Judgment affirmed.