## Fenstermaker's Estate.

*Wills — Real property — Option to purchase — Mortgages—Wills Act of June 7, 1917.*

1. An option to purchase land contained in a will is a devise.

2. If the devisee exercises the option, he takes the land subject to existing mortgages, under section 18 of the Wills Act of June 7, 1917, P. L. 403.

3. Doubted, whether a citation upon the executors to show cause why the land should not be conveyed free of the mortgage gave jurisdiction to the Orphans' Court.

Citation. O. C. Lehigh Co., No. 18,125.

*Thomas F. Diefenderfer* and *Oliver W. Frey*, for petitioner, William D. Schlegel.

*Dallas Dillinger, Jr.*, for executors.

RENO, J.—Lewis H. Fenstermaker died March 6, 1923. His will, dated Nov. 3, 1922, and probated March 14, 1923, provides, *inter alia:* "I order, direct and request that if my son-in-law, William D. Schlegel, is willing and inclined to purchase and pay the sum of Seven Thousand ($7000.00) Dollars for my brick dwelling-house, 1443 Linden Street, Allentown, he can do so; otherwise if he rejects this offer I then order and direct my said named executors to sell it to the best advantage either at public or private sale." At the date of testator's death the property was subject to the lien of a mortgage for $3500, executed and delivered Nov. 1, 1922. William D. Schlegel, shortly after the probate of the will, notified the executors of his desire to exercise what he terms "the option granted by the will," and requested the executors to convey the property to him free and clear of the said mortgage, and tendered payment of the sum of $7000. The executors refused to convey free and clear of the encumbrance, and thereupon Schelgel filed a petition for a citation upon the executors, which, in effect, required them to submit to such order as the court might make in the premises.

The petitioner contends that (1) the quoted provision is not a devise, and, therefore, not subject to that provision of the Wills Act of 1917 (section 18) which makes devises of real estate subject to mortgages thereon; and (2) that it is an option to purchase at a specified figure, and that such option contemplates a conveyance free and clear of encumbrances.

The conclusion to which we have come requires us to notice only the first of these contentions. It is well established by a long line of cases that an option to purchase land contained in a will is a devise: Dilworth's Estate,

Fenstermaker's Estate.

243 Pa. 475; Bayer v. Walsh, 166 Pa. 38; Ludwick's Estate, 269 Pa. 365; Hanna's Appeal, 31 Pa. 53; Fleming's Estate, 184 Pa. 80; Boshart v. Evans, 5 Wharton, 551; Johnson v. Johnson, 81* Pa. 257. That is, the clause quoted confers a gift upon Schlegel, i. e., a gratuitous privilege of acquiring title to the premises by the payment of a stipulated price, or, to state it differently and more accurately perhaps, it is a devise of the land itself subject to the payment of the price, and which, upon payment of the price, but not until then, vests title in the devisee. This conclusion requires us to hold that the devisee takes the land subject to the mortgage upon it.

We entertain grave doubts whether our jurisdiction was properly invoked by the petition under review. No statute has come to our attention which in terms confers upon the Orphans' Court power to do that which this petition calls upon us to do. However, since the conclusion already stated makes further action on our part unnecessary, we shall not attempt to solve that problem.

Now, Dec. 17, 1923, the prayer of the petition is denied and the petition is dismissed.

From James L. Schaadt, Allentown, Pa.