In the Matter of the Accounting of WALTER H. THACHER, as Executor of JOSEPH HORN, Deceased, Appellant.

WILLIAM HODGETTS, Respondent.

(Argued April 9, 1931; decided May 12, 1931.)

*Charles A. Taussig* and *Stallo Vinton* for appellant. In its ordinary and primary meaning, child or children refers only to naturally begotten· offspring. (*Pigg* v. *Clarke*, 3 Ch. 672; *Phillips* v. *Ferguson*, 85 Va. 509.) The respondent should not be included as a residuary legatee. (*Matter of Leask*, 197 N. Y. 193.)

*Cyrus B. Austin* for respondent. The language of the will and the surrounding facts indicate that the testator did not intend to differentiate between natural and adopted children of his wife's predeceased brothers and sisters. (*Matter of Title Guarantee & Trust Co.*, 195 N. Y. 339; *Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127; *Chew* v. *Sheldon*, 214 N. Y. 344.) By force of the statute of adoption, respondent was the child of a sister of the wife of the deceased, and is, therefore, described as a legatee in the will. (Domestic Relations Law, § 114; *Matter of Leask*, 197 N. Y. 193; *Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127; *Bourne* v. *Donney*, 184 App. Div. 476; *Von Beck* v. *Thomsen*, 44 App. Div. 373; *Matter of Foster*, 108 Misc. Rep. 604; *Bray* v. *Miles*, 23 Ind. App. 432.) The case is not one falling within the class excepted by section 114 of the Domestic Relations Law from the provisions of that section. (*Matter of Leask*, 197 N. Y. 193; *Von Beck* v. *Thomsen*, 44 App. Div. 373; *Matter of Hopkins*, 102 App. Div. 458.)

CRANE, J. By an agreed state of facts it appears that Joseph Horn, who died in Brooklyn November 1, 1925, left a last will and testament, the second paragraph of which read as follows:

"*Second.* I give and bequeath the sum of One Thousand ($1,000.00) Dollars to each of the brothers and sisters of my late wife Nellie Horn who survived her at the time of her death on January 21st, 1924, and the same sum, namely, One Thousand ($1,000.00) Dollars, to the child or children by representation or as a group, of each of the brothers and sisters of my late wife who predeceased her leaving a child or children; and in the event that any of the said legatees predecease me leaving a child or children, then it is my will that the share of such legatee shall go to such child or children by representation, the child or children taking together the legacy of the deceased parent; it being my will that each of my late wife's brothers and sisters or their respective families shall receive One Thousand ($1,000.00) Dollars."

Nellie Horn, his wife, died January 21, 1924. She had a sister, Mary Thacher Hodgetts, who had died on November 27, 1911, leaving as her sole survivor William Hodgetts, a legally adopted son.

When the testator made his will on January 3, 1925, and left $1,000 to the child of the sister of his late wife who predeceased her, leaving a child, Mary Thacher Hodgetts and her legally adopted son fitted in exactly to this description. Joseph Horn knew that this sister of his wife had died many years before, leaving an adopted son. The bequest of $1,000 was intended for him, although instead of using his name the testator described him as a child of his wife's sister who had predeceased her.

There is no doubt of the identity nor of the testator's intention, but the appellant claims that article 7, section 114, of the Domestic Relations Law (Cons. Laws, ch. 14) prevents William Hodgetts from taking, under the authority of *Matter of Leask* (197 N. Y. 193). The section reads as follows, in so far as pertinent: " The foster parent or parents and the person adopted sustain toward each other

the legal relation of parent and child, and have all the rights and are subject to all the duties of that relation, including the right of inheritance from each other, * * * and such right of inheritance extends to the heirs and next of kin of the person adopted, and such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting, but as respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the person adopted is not deemed the child of the foster parent so as to defeat the rights of remaindermen."

The only instance in which the adopted child is not deemed to be the child of the foster parent is where future estates may be cut off by such adoption. Where the passing by limitation over of real or personal property is dependent on a parent dying without heirs or children, it would be very easy for a person having no child or children to adopt one and thus cut off the contingent remainder. The statute was aimed at such a possibility. Such is the reasoning in *Matter of Leask* (*supra*). That case and this restriction in section 114 have no application here, as Joseph Horn gave the adopted son a bequest by description with the same effect as if he had named him. There was no possibility of any subsequent action by survivors defeating the intention of the testator.

The order should be affirmed, with costs.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.