In the Matter of the Estate of JOSEPH HORVATH, Deceased.

Surrogate's Court, New York County, March 15, 1935.

*Emanuel Gober*, for the executor.

*Wolfson & Sand*, for Imre Horvath.

*William W. Lesselbaum*, for Bessie H. Inman.

*Kremer & Leavitt*, for the Hungarian Consul General.

FOLEY, S.   This is an application for a construction of the will. The testator died on June 20, 1933.   His will, which was executed on April 27, 1933, provides in part as follows: " All the rest, residue and remainder of my estate, I give and bequeath to  all my brothers residing in Hungary, Stephen, David and Imre, and stepbrothers from my father's side, share and share alike."

It is conceded that by " stepbrothers " the testator meant half-brothers.   It is likewise conceded that the gift is not limited to brothers and half-brothers residing in Hungary.

The testator's brothers Stephen and Imre survived him. His brother David predeceased him and was survived by an adopted daughter who is now living. The facts, as stipulated by the parties, recite that she was duly adopted. When the decedent left Hungary thirty-five years before his death he had two half-brothers, Alexander and Charles. Both predeceased him. Alexander died without issue. Charles was survived by a daughter who is now living.

(1) The first question to be determined is whether or not the gift of a portion of the residue to the testator's half-brothers is a gift to a class.

If the gift of a portion of the residue to the half-brothers stood alone there could be no doubt that they would take as a class. But in this inartificially drawn will the residue is bequeathed in one sentence to " all " the brothers *nominatim* and half-brothers " share and share alike." This language is most significant. The gift to the named brothers cannot be construed as a gift to a class. They take as tenants in common. No right of survivorship can be implied from the language of the will. (*Matter of Kimberly*, 150 N. Y. 90.)

The authorities applicable to bequests to a class of relatives by general description do not apply here. The situation is quite similar to that decided in *Matter of Russell* (168 N. Y. 169). There the testator bequeathed the residue " to my wife and my children, to be divided equally between them share and share alike, that is to say, to my wife one share, to each child an equal share with my wife." The Court of Appeals held that the gift to the children was not a gift to a class, and that survivorship to the date of distribution was not a condition precedent to the vesting of the gift in a child who had died prior to the date fixed for distribution. It was there held that the husband of a child who died after the testator but before the event fixed in the will for division was entitled to take his wife's share.

From the language of the will it is apparent that the testator did not intend to prefer his brothers over his half-brothers or make any distinction between them. They are to share the residue equally. In view of the language of the will and the circumstances disclosed by the agreed statement of facts, I hold that the gift to the half-brothers is not a gift to a class but a gift to Alexander and Charles Horvath. The testator left Hungary thirty-five years before the execution of the will. At that time Charles and Alexander were living and were the testator's only half-brothers. They are the persons the testator intended to share in the residue. His failure to name them may be attributed to uncertainty as to name because of his complete isolation from his family over a long period of time.

Viewed in this light the residue is given to the testator's three brothers and two half-brothers as individuals. The share of each brother and half-brother is fixed and definite and the distribution of the residue does not depend on the number of brothers or half-brothers who survived the testator. The gift of the residue, therefore, cannot be construed as a gift to a class. *Matter of King*, 200 N. Y. 189; *Matter of Kimberly, supra.*)

As each brother and half-brother was bequeathed a definite portion of the residue the death of any of them in the lifetime of the testator did not cause his legacy to lapse if such brother or half-brother left surviving a child or other descendant. (Dec. Est. Law, § 29.)

The fact that both David and Charles were dead at the date of the execution of the will does not cause the gifts to them to lapse and prevent the operation of the statute. Had the residue been given to the brothers and half-brothers as a class, or had the testator known of the death of David and Charles, the gifts to them would have lapsed under the construction of the will. (*Pimel* v. *Betjemann*, 183 N. Y. 194; *Matter of Turner*, 208 id. 261, at p. 268; *Matter of Mott*, 137 Misc. 99.) But here the residue is given to the legatees individually and it has been conclusively established that the testator had no knowledge whatsoever as to the death of David and Charles. Under such circumstances the legacies to them do not lapse but are saved by the operation of section 29 of the Decedent Estate Law. (*Lightfoot* v. *Kane*, 170 App. Div. 412.) I accordingly hold that the residue must be divided into five equal shares for each of the three named brothers and the two half-brothers respectively. The surviving daughter of Charles Horvath, the predeceased half-brother, is entitled to the one-fifth of the residue bequeathed to her father. (Dec. Est. Law, § 29.)

(2) A further question arises as to whether the adopted daughter of the deceased brother David is a " child " within the purview of section 29 of the Decedent Estate Law. That section provides, in part, that where there is a legacy to a brother who has died during the lifetime of the testator the legacy shall not lapse but shall vest " in the surviving child or other descendant of the legatee   *   *   * as if such legatee or devisee had survived the testator and had died intestate." The purpose of the original enactment of this section was to abrogate the common-law rule which effected an absolute lapse of such a legacy. Section 114 of the Domestic Relations Law provides in substance that an adopted child and his foster parent have the same relation to each other as if the child were the natural offspring of the adopting parent. Certain other provisions of the section exclude an adopted child from taking under the terms of an instrument passing title to real or personal property on condition

that the foster parent dies without heirs so as to defeat the rights of remaindermen. I hold that an adopted child is a " child " within the purview of section 29 of the Decedent Estate Law.

The provisions of section 114 of the Domestic Relations Law have been consistently construed to include an adopted child as within the meaning of the term " child " wherever the latter word is used in a statute. The adopted child possesses a similar status to that of a child of the blood with the exception that he is not deemed to be a next of kin of the collateral relatives of the foster parent. It has been held that an adopted child is included within the meaning of the word " child " as used in section 26 of the Decedent Estate Law and that under the terms of the section a prior will is partially revoked by the subsequent adoption of a child by the testator with a status equivalent to that of an after-born child. (*Bourne* v. *Dorney*, 184 App. Div. 476; affd., 227 N. Y. 641.) In certain cases, even in the construction of wills, the word " child " has been held to include an adopted child. Thus in *Matter of Horn* (256 N. Y. 294, 297), CRANE, J. (now Ch. J.), held that an adopted child came within the meaning of the word " child " in the will. In his opinion he stated: " The only instance in which the adopted child is not deemed to be the child of the foster parent is where future estates may be cut off by such adoption. Where the passing by limitation over of real or personal property is dependent on a parent dying without heirs or children, it would be very easy for a person having no child or children to adopt one and thus cut off the contingent remainder. The statute was aimed at such a possibility."

The right of an adopted child to take a lapsed legacy from his father or mother is granted only by statutory authority. The description of the persons included within the class of children is likewise a matter of legislative fiat. It was within the power of the Legislature to define the meaning of the word " child " and to provide for the saving of the legacy for the benefit of an adopted child as well as for the benefit of a natural child. This has been accomplished by the terms of section 114 of the Domestic Relations Law. Additional significance is found in the last phrase of section 29 of the Decedent Estate Law, which directs that the surviving child of the preferred relative who is a legatee shall take as if the legatee " had survived the testator and had died intestate." The right of an adopted child to inherit directly from its foster parent under the present law has never been questioned.

In my conclusion that an adopted child is entitled to take the share of its father under the provisions of section 29 of the Decedent Estate Law, I am in accord with the decision of Surrogate KNAPP in *Matter of Foster* (108 Misc. 604). The contrary determination

in *Matter of Martin* (133 Misc. 80; affd., 224 App. Div. 873, decided in 1928) appears to be incorrect and was plainly overruled by the decision of the Court of Appeals in *Matter of Horn (supra)*, decided in 1931. The adopted daughter of the deceased brother is, therefore, entitled to the share of the estate bequeathed to her foster father. (*Matter of Foster*, 108 Misc. 604.)

(3) The residuary estate should, therefore, be distributed one-fifth to the brother Imre, one-fifth to the brother Stephen, one-fifth to the adopted daughter of David, and one-fifth to the daughter of Charles. As the half-brother, Alexander, died without leaving a child or descendant, the gift to him has lapsed and passes as intestate property to the next of kin of the decedent here. The next of kin are Imre Horvath, Stephen Horvath, Bessie H. Inman, Theresa Horvath Galavics and Julianna Horvath Halasz.

I specifically hold that the adopted daughter of the deceased brother, David, is not one of the next of kin of the testator and is not entitled to share in the intestate portion of the residue. (*Matter of Hall*, 234 App. Div. 151; affd., 259 N. Y. 637; *Hopkins* v. *Hopkins*, 202 App. Div. 606; affd., 236 N. Y. 545; *Matter of Brenner*, 149 Misc. 412; affd., 239 App. Div. 902.)

Submit decree on notice construing the will accordingly.