In the Matter of the Petition of LILLIAN BUONETO, Respondent, against MICHAEL BUONETO, Appellant.

Second Department, March 18, 1938.

*John Kochendorfer* [*Howard A. Kochendorfer* with him on the brief], appearing specially for the appellant.

*Irving Leavitt,* for the respondent.

CLOSE, J. By an order of the Domestic Relations Court of the City of New York (Family Court), Kings County, the appellant has been directed to pay the sum of nine dollars a week for the support of the petitioner, his wife. The appellant appeared specially in the proceeding and challenged the jurisdiction of the court. The jurisdictional question is the only one which requires consideration on this appeal. The husband has never lived within the city since his marriage. He is employed as a driver of a delivery truck, and

comes daily to his employer's garage in Flushing, New York city, to secure his truck and return it. While thus within the city, he was served with process. The wife resides apart from her husband and within the city.

Section 103 of the Domestic Relations Court Act reads as follows:

" § 103. Residential jurisdiction.

" A husband or father may be required to furnish support or may be found guilty of non-support, as provided in the two preceding sections, if, at the time of the filing of the petition for support,

" (a) he is residing or domiciled in the city; or

" (b) he is not residing or domiciled in the city but is found therein at such time, provided that the petitioner is so residing or domiciled at such time; or

" (c) he is neither residing nor domiciled nor found in the city but prior to such time and, while so residing or domiciled, he shall have failed to furnish such support or shall have abandoned his wife or child and thereafter shall have failed to furnish such support, provided that the petitioner is so residing or domiciled at such time." (Amd. by Laws of 1934, chap. 362, in effect May 7.)

Because of the husband's non-residence, subdivisions (a) and (c) of the statute are clearly insufficient to confer jurisdiction. (*Matter of Fleming* v. *Fleming*, 242 App. Div. 690; *Matter of Condaras* v. *Condaras*, 252 id. 871.) Jurisdiction must be found, if at all, under the provisions of subdivision (b). It is not disputed that the conditions therein prescribed are present here, but the appellant contends that that part of the statute is unconstitutional, in that it gives to an inferior local court a greater jurisdiction than is granted to County Courts. Article VI, section 18, of the State Constitution provides as follows:

" The Legislature shall not hereafter confer upon any inferior or local court of its creation, any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon County Courts by or under this article; but it may provide that the territorial jurisdiction in civil cases of any inferior or local court now existing or hereafter established in any city or of justices of the peace in cities shall extend throughout the county or counties in which such city may be located. * * *

" The Legislature may establish Children's Courts, and Courts of Domestic Relations, as separate courts, * * * and may confer upon them such jurisdiction as may be necessary * * * to compel the support of a wife."

Can the words " such jurisdiction as may be necessary " be construed to give jurisdiction where the husband is not a resident of the city, but is only " found therein," as in the instant case?

The rule is that in construing a statute the general phrases must yield to the specific. (*Matter of Doyle*, 180 App. Div. 398, 403.) The same rule applies to the interpretation of a written Constitution. (*People* v. *Fancher*, 50 N. Y. 288, 291.) It must, therefore, be held that " such jurisdiction as may be necessary " is limited to and may not exceed the jurisdiction given to County Courts. The Legislature recognized this limitation elsewhere in the Domestic Relations Court Act. Section 91, subdivision 1, provides that the court shall have jurisdiction *within* the city. No attempt is made to give any jurisdiction without the city.

Article VI, section 11, of the Constitution provides that County Courts shall have the power and jurisdiction now prescribed by law; and the same section provides that in no event, in an action to recover money only, shall the jurisdiction be extended so as to authorize an action in which any person not a resident of the county is a defendant, unless such defendant has an office for the transaction of business within the county. Section 103, subdivision (b), of the Domestic Relations Court Act exceeds this limitation. It purports to confer jurisdiction over non-residents of the city who happen merely to be " found therein." In that respect it violates the Constitution. It may be competent for the Legislature to clothe the Domestic Relations Court with jurisdiction over non-residents who have an office for the transaction of business within the county in which the court functions. On that question it is sufficient to say that this appellant has no such office and does not fall within that category.

The appellant concededly is not a resident of the city. He never was domiciled within the city. He has no office for the transaction of business within the city. Nor did he abandon the petitioner or fail to support her while he himself was residing or domiciled therein. Consequently, the court did not acquire jurisdiction even though the appellant was " found in the city " when the service was made. The order appealed from is null and void.

The order should be reversed on the law and the petition dismissed.

LAZANSKY, P. J., CARSWELL, ADEL and TAYLOR, JJ., concur.

Order of the Domestic Relations Court of the City of New York (Family Court), Kings County, reversed on the law and the petition dismissed.