In the Matter of the Will of Moritz Cohn, Deceased.

Surrogate's Court, New York County, December 12, 1944.

*Leonard M. Wallstein* for Bankers Trust Company, as substituted trustee, petitioner.

*Stanleigh P. Friedman* for Henry A. Leatt, respondent.

*Saul E. Rogers,* special guardian for ·Robert H. J. Leatt, infant legatee.

*Louis Hartmann* for Louis Loeb, respondent.

*Stroock & Stroock & Lavan* for James L. Frank and another, respondents.

*Halpern & Friedman* for Amy K. Jacobs and another, respondents.

*Hartman, Craven & Fuld* for Julia Krauss and another, respondents.

FOLEY, S.   In this proceeding for the settlement of the final account of the trustee, a construction of the will is requested in order to determine the persons entitled to the remainders of two separate trusts.   The principal dispute arises over the construction of the twenty-seventh paragraph of the will in which the testator had created a trust for the life of his granddaughter; Ethel Klopfer, now Ethel Klopfer Leatt.   Upon the death of the granddaughter, the principal of the trust fund is given " to the heirs of my said granddaughter."

Conflicting claims to the remainder of this trust fund are made by (1) Henry A. Leatt, surviving spouse of Ethel Klopfer Leatt, who contends that he is an " heir " and entitled to share in the remainder, (2) Robert H. J. Leatt, adopted son of Ethel Klopfer Leatt, on whose behalf the special guardian contends that he is the sole heir of his foster mother, (3) James L. and Maurice G. Frank, first cousins of Ethel Klopfer Leatt on her maternal side and grandsons of the testator, who argue that within the meaning of the will they are entitled to the entire remainder as the only heirs of the granddaughter who are related by blood to the testator and (4) first cousins of Ethel Klopfer Leatt on her paternal side, who are not related by blood to the testator and who claim the right to share in the remainder together with the maternal first cousins.

The Surrogate holds that under the terms of the twenty-seventh paragraph of the will, Robert H. J. Leatt, the adopted child of Ethel Klopfer Leatt, is entitled to take the entire remainder of the trust. Within the meaning of the will and the intent of the testator, he is the sole " heir " of the granddaughter of the testator. (*Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127; *United States Trust Co.* v. *Hoyt*, 150 App. Div. 621; *United States Trust Co.* v. *Hoyt*, 115 Misc. 663, affd. 173 App. Div. 930, affd. 223 N. Y. 616; *Bridenbaker* v. *Kissell*, 215 App. Div. 751; *Kemp* v. *New York Produce Exchange*, 34 App. Div. 175.)

The testator executed his will on December 24, 1896, and a codicil on January 6, 1897. He died on May 26, 1897, survived by his son, Julius M. Cohn, a daughter, Jennie C. Klopfer, and a granddaughter, Ethel Klopfer. At the time of the execution of the will, the granddaughter was almost thirteen years of age. In his will the testator made gifts to charitable institutions, to servants, relatives and friends. To his son, he bequeathed his home and his business and made an outright gift of one half of the residuary estate. His daughter was given a discharge and satisfaction of a mortgage upon her home as well as a sum of money to purchase a new home, and was the income beneficiary of a trust of the remaining half of the residue. The granddaughter was made beneficiary of two trusts which are accounted for in this proceeding.

In the twenty-seventh paragraph of the will, the testator directed that upon the death of his daughter the trust for her benefit should terminate. Out of the fund which had been set apart for her, the trustees were directed to hold the sum of $150,000 for the benefit of Ethel Klopfer, his granddaughter. The balance of the principal of the daughter's trust was bequeathed to the testator's son.

In respect of the trust for the granddaughter, the trustees were directed to pay her the income during her natural life. The will continues: " and upon the death of my said granddaughter, the said trust shall cease and I give and bequeath the principal of said trust fund of One hundred and Fifty thousand Dollars ($150,000) to the heirs of my said grand-daughter." Ethel Klopfer married on June 5, 1941, and on November 17, 1941, she adopted the child, Robert H. J. Leatt. She died on November 8, 1942, leaving no natural issue surviving. Jennie C. Klopfer, the testator's daughter, and Julius M. Cohn, his son, are dead. In addition to her husband and her adopted son, Ethel K. Leatt was survived by two maternal first cousins who are the children of Julius M. Cohn, and five paternal first cousins.

Under the facts here, and especially the language of the will, the law is well settled that the spouse of the granddaughter has no status as one of her " heirs ". (*Matter of Waring*, 275 N. Y. 6; *Matter of Wolf*, 284 N. Y. 644; *Trowbridge* v. *First-Stamford Nat. Bank & Tr. Co.*, 182 Misc. 180, affd. 268 App. Div. 768.) Since the testator died before the effective date of the enactment of section 47-c of the Decedent Estate Law, its provisions have no application here. (*Matter of Lake*, 170 Misc. 840.) The Surrogate accordingly holds that Henry A. Leatt, the husband of Ethel Klopfer Leatt, is not entitled to share in any part of the remainder.

The status in law of an adopted child as an heir of her foster mother is too well settled to require extended comment. (Domestic Relations Law, § 115.) Such right of inheritance existed at the time of the testator's death. (L. 1896, ch. 272, § 64; L. 1897, ch. 408.) By these statutes, the Legislature " * * * effectively embodied in the law of descent a provision that the adopted child was the heir at law and next of kin of the adoptive parent to the same extent as though the adoptive parent in this case had borne the adopted child, with all that the term ' mother ' implies." (*Carpenter* v. *Buffalo General Electric Co.*, 213 N. Y. 101, 107; *Dodin* v. *Dodin*, 16 App. Div. 42, 48.)

The statute which confers the right of inheritance on the foster child contains one limitation, and that applies where future estates created under a will or deed may be cut off by means of such adoption. The statute reads: " As respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the foster child is not deemed the child of the foster parent so as to defeat the rights of remaindermen."

(Domestic Relations Law, § 115.) This limitation is not applicable to the will of the testator in the pending proceeding, for this will contains no limitation over in any event. (*Matter of Walter,* 270 N. Y. 201; *Matter of Horn,* 256 N. Y. 294.)

The term " heir " is primarily intended to describe the persons who would take the property of a person under the Statute of Distribution. (*Matter of Chalmers,* 264 N. Y. 239, 243; *N. Y. Life Ins. & Trust Co.* v. *Winthrop,* 237 N. Y. 93, 106; *Johnson* v. *Brasington,* 156 N. Y. 181, 185; Restatement, Property, § 305.) The word is to be understood in this primary or legal sense unless it appears from other parts of the will that the testator intended to employ it in a more restricted sense to designate persons related to him by blood. (*Johnson* v. *Brasington, supra.*) If, therefore, the testator used the term " heirs " in its ordinary legal sense the adopted child of the granddaughter takes the entire remainder of the trust, since he is the sole heir of the granddaughter under the Statute of Distribution applicable to this will. (*Gilliam* v. *Guaranty Trust Co.,* 186 N. Y. 127, *supra; United States Trust Co.* v. *Hoyt,* 150 App. Div. 621, *supra; United States Trust Co.* v. *Hoyt,* 115 Misc. 663, affd. 173 App. Div. 930, affd. 223 N. Y. 616, *supra; Bridenbaker* v. *Kissell,* 215 App. Div. 751, *supra; Kemp* v. *New York Produce Exchange,* 34 App. Div. 175, *supra.*) In order to defeat his right to take as an heir of the granddaughter, it must appear from the will itself that the testator indicated his intent to exclude an adopted child and to confine the gift to persons related by blood to him. In those cases wherein it was held that an adopted child does not take under a gift to heirs, the intent of the testator to exclude the adopted child or to limit the gift to blood relatives clearly appeared. (*Tillman* v. *Davis et al.,* 95 N. Y. 17; *Matter of Leask,* 197 N. Y. 193; *Morton* v. *American Security & Trust Co.,* 251 App. Div. 31, affd. 276 N. Y. 475; *Matter of Ellis,* 178 Misc. 491, affd. 264 App. Div. 846.)

When the will of the testator is analyzed it is evident that his intent was neither to include in the class of remaindermen nor to exclude therefrom any specific group of persons. His intention was to give the remainder to those same persons who would take the property of his granddaughter as her distributees in the event that she died intestate. He had provided very generously for his son and had made ample provision for his daughter. He made gifts to various charities and to his sister, brother, nieces, cousins, friends and employees. Legacies were given to strangers to his blood — a brother-in-law, sister-in-law, son-in-law and the husband of a niece.

Plainly, the testator well understood the difference between making a gift to the " issue " of a person and the making of a gift to the " heirs " of that person. He provided in his will that in the event his son predeceased him leaving issue, " such issue " were to take the son's share under the will. In the event that the son died before him leaving no issue, all gifts made to the son were to be held in trust for the daughter and the granddaughter, during their lives, and upon the death of the granddaughter, were " to go to the heirs of said Ethel Klopfer."

In the sixth paragraph of the will a trust of $30,000 was created for the granddaughter. In the event that she married she was to receive $20,000 from the principal. In the event that she died " leaving *issue* ", her issue were to receive the income from the trust " each *child* to take its equal respective share of the principal as it respectfully reaches the age of twenty-one years." (Italics mine.) Should Ethel Klopfer " die unmarried ", the whole of the trust was to revert to and become part of the residuary estate.

The difference in the text of the sixth and twenty-seventh paragraphs of the will is significant. In each, a trust for the benefit of the grandchild was created. In the sixth paragraph, the remainder was to go to her " *issue* ", and if she died unmarried, the entire fund was to fall into the residue. Even if this legacy had lapsed entirely it would fall into the residue. Thus, this fund was specifically disposed of under the variety of circumstances that might eventuate. In the twenty-seventh paragraph, however, the fund was carved out of one half of the residue. The testator did not intend that it should ever fall back into the residue and accordingly made a complete disposition of it in this paragraph of the will. He was mindful of the fact that his grandchild might die unmarried and without issue. At the time of the execution of the will, she was a mere child. When he desired to give a remainder to her issue, he expressed his intent by apt and accurate language. Here, however, he decided to make one final disposition under every contingency that might happen. Consequently, he here used the word " heirs " to assure effective disposition under contingencies too remote for consideration at that time. He clearly intended that the relatively small fund devoted to the use of his granddaughter was to be enjoyed ultimately by those whom the law regarded as the objects of intestate succession.

The testator had made provision in his will for all whom he cared to remember insofar as he could reasonably foresee the future. His son, daughter and granddaughter were the par-

ticular objects of his solicitude. In the event of the son's death, his issue were to take his share. Although the granddaughter was then only a young child, a special provision was made in case of her marriage. The contingency of her death leaving issue surviving her, was anticipated and the will was framed so as to expressly provide for such issue.

In respect of the property passing under the twenty-seventh paragraph of the will, there is not the slightest indication in the entire will that the testator intended to exclude adopted children of his granddaughter or that he intended to designate only persons related by blood to him. On the contrary, a careful examination of the entire will and surrounding circumstances compels the conclusion that after the life use for the grandchild had ended, the testator had exhausted his specific desires in respect of the property. He was content to have it pass as if his granddaughter had owned it completely in her lifetime. (*Matter of Bump,* 234 N. Y. 60, 65.)

The Surrogate accordingly holds that the entire remainder of the trust under the twenty-seventh paragraph of the will vested in Robert Leatt, the adopted child of Ethel Klopfer Leatt.

The second question of construction involves the sixth paragraph of the will to which reference has been hereinbefore made. The trust fund was originally in the sum of $30,000 but in accordance with the terms of the will the trustees paid the sum of $20,000 to Ethel Klopfer at the time of her marriage. In respect of the remainder, the will provided as follows: " * * * and in that event that balance of Ten thousand Dollars ($10,000) remaining shall be kept invested during her life, the income to be paid to her at regular periods, in the manner above provided, and should my said grandchild die leaving issue, then the income arising from said trust fund of Ten thousand Dollars ($10,000) shall be paid to said issue share and share alike, each child to take its equal respective share of the principal as it respectfully reaches the age of 21 years; and should my said grandchild die unmarried, then the whole of said trust fund of Thirty thousand Dollars ($30,000) shall revert and become part of my residuary estate."

The testator made no express gift of the remainder in the contingency that his granddaughter should die *married* but leaving *no issue*. The special guardian of the adopted child properly concedes that his ward is not entitled to share under the gift to " issue ".

The husband of the grandchild contends that there is a gift by implication to him. The maternal first cousins claim the

remainder as legatees under the will of Julius M. Cohn, the residuary legatee.

The Surrogate holds that there is no basis to support a finding of a gift by implication to the husband of Ethel Klopfer Leatt.

The Surrogate further holds that the remainder of the trust vested in Julius M. Cohn, the residuary legatee under the will of the testator.. (*Matter of Cole*, 235 N. Y. 48, 56.) As residuary legatee, he " will take whatever may fall into the residue, whether by lapse, invalid dispositions, or other accident." (*Riker et al.* v. *Cornwell et al.*, 113 N. Y. 115, 127; *Matter of Cole, supra.*)

Since Julius M. Cohn is now dead, the remainder is payable to his personal representative. It may not be paid directly to his residuary legatees. There may be questions of additional estate taxes or other questions in the administration of his estate that will require a proper and orderly administration of the fund in his estate.

Submit decree on notice construing the will and settling the account accordingly.