In the Matter of the Construction of the Will of EMILY CHARLES, Deceased.

Surrogate's Court, New York County, January 19, 1951.

*Hatch, Root & Barrett* for Bankers Trust Company, petitioner.

*David L. Frothingham* for Lillian M. Charles and another, as executors of Howard W. Charles, deceased, respondents.

*Satterlee, Warfield & Stephens* for Bank of New York & Fifth Avenue Bank and another, as executors of Emily L. Charles, deceased, respondents.

*J. Fearon Brown, James H. Nichols* and *Richard C. Allison* for Janet C. Reynolds and another, respondents.

*Samuel Franklin, Daniel S. Levy* and *Bertram S. Bermar* for Lillian E. Flather, respondent.

*Raymond T. Armbruster, Christian H. Armbruster* and *Albert A. Jacobson* for Ida M. Charles, individually and as surviving executrix of Emily C. Charles, deceased, and another, respondents.

*Henry Allen Mark,* special guardian for Edith Flather and others, infants, respondents.

FRANKENTHALER, S. The provision in the will of the testatrix which grants to her daughter a testamentary power of appointment is here the subject of construction. By the terms of paragraph seventh thereof, the donee of the power was authorized to distribute the corpus of a trust created for her life benefit to and among her children or the issue of any deceased child, to her husband, and to her two brothers or their issue if they be dead, in any manner, share or proportion. In default of appointment, the testatrix directed payment of the assets to the children of the donee or the issue of predeceased children, or if there be none to the brothers of the donee or their respective issue. The donee died survived by two adopted children, to whom she appointed two thirds of the property subject to her power. The remaining one third thereof she appointed to her niece, the only daughter of a predeceased brother. The latter, however, asserts a right to receive the entire fund as sole remainderman, the other brother of the donee having also predeceased her, without issue. The niece claims that the adopted children do not qualify for appointment under the terms of the

will and that they are, moreover, precluded from sharing in the appointment by virtue of section 115 of the Domestic Relations Law.

Two questions are thus presented. The first is whether adopted children are ordinarily to .be included within the meaning of the word " children " as used in a will, in the absence of any token of testamentary intention. The second is whether in this case section 115 of the Domestic Relations Law prevents their inclusion on the theory that participation by them would defeat the rights of remaindermen. That section, which is pertinent to a resolution of both issues, reads in part as follows:

" The foster parents or parent and the foster child shall sustain toward each other the legal relation of parent and child and shall have all the rights and be subject to all the duties of that relation including the rights of inheritance from each other.

" As respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the foster child is not deemed the child of the foster parent so as to defeat the rights of the remaindermen."

In approaching these two issues, it is important to note that the adopted children are not here attempting to inherit property as heirs of one not a party to the adoption, claiming to be representatives of the adoptive parent. " The law of this State is well settled that a child adopted by a relative of a decedent is not of the next of kin of that decedent. (Dom. Rel. Law, § 114 [now § 115]; *Hopkins* v. *Hopkins,* 202 App. Div 606; affd. 236 N. Y. 545; *Matter of Hall,* 234 App. Div. 151; affd. 259 N. Y. 637; *Winkler* v. *N. Y. Car Wheel Co.,* 181 App. Div. 239; *Matter of Marsh,* 143 Misc. 609.) It is stated by the Appellate Division, Third Department, in its decision in *Matter of Hall (supra)*: ' * * * the statute * * * does not * * * permit one to adopt heirs for third persons.' " (*Matter of Brenner,* 149 Misc. 412, 413; see *Matter of Hodges,* 294 N. Y. 58.) Nor are they claiming to be the primary takers in default of appointment under the terms of the will. Their sole claim is to membership in the class of permissible appointees, designated by the testatrix as " children " of a named ancestor.

Where there is a simple gift to such a class, adopted children may ordinarily participate therein unless language appears in the instrument showing an intention to exclude them (*Matter of Horn,* 256 N. Y. 294; *Von Beck* v. *Thomsen,* 44 App. Div. 373, affd. 167 N. Y. 601; *Kemp* v. *New York Produce Exch.,* 34 App.

Div. 175; see, also, *Matter of Walter,* 270 N. Y. 201, and *Matter of Horvath,* 155 Misc. 734). Adopted children also take as heirs of the designated ancestor unless there is evidence of a contrary intention (*Gilliam* v. *Guaranty Trust Co.,* 186 N. Y. 127; *United States Trust Co.* v. *Hoyt,* 150 App. Div. 621; *Matter of Cohn,* 184 Misc. 258, affd. 271 App. Div. 775, affd. 297 N. Y. 536). The ground upon which they are included is found in the first part of the statute itself, which provides that upon completion of adoption proceedings the parties thereto shall sustain toward one another the legal relationship of parent and child. *Von Beck* v. *Thomsen* (*supra*) construing the statute, held it to be the basis for such inclusion. It was there said (pp. 380–381): " [W]hen we look at the relation which is created by this formal adoption, * * * we see that it was the intention of the Legislature to put an adopted child in the same relation to its parents that a natural child would have. Upon such an adoption the relation of the parent and child is created to the same effect as though the child adopted had been born at the time of the adoption as a natural child of the adopting parents. * * * [R]ights that spring into existence at the time of adoption put the adopted child in exactly the same position as though the child was the natural child, with the exception that as to a conveyance, or bequest or devise which would pass to others upon the death of the adopting parent without issue, such adoption shall not change the disposition of such property. Thus, the plaintiff, immediately upon the adoption and from thenceforth, sustained the relation to the insured and his wife of a child, and she then had all the rights of that relation."

Similarly, in *Matter of Horn* (256 N. Y. 294, *supra*) the Court of Appeals, after reciting the provisions of the above statute, declared, at page 297: " The only instance in which the adopted child is not deemed to be the child of the foster parent is where future estates may be cut off by such adoption."

In *Kemp* v. *New York Produce Exch.* (34 App. Div. 175, 179, *supra*) the court quoted with approval the case of *Sewall* v. *Roberts* (115 Mass. 262), in which it was said (p. 278): " His general intention was that the property should go in the first instance to his children as a class. Whoever at his death fell within this class was within this general intention, and as his adopted daughter is by law his child, she belongs to the class intended to take ".

*Matter of Cohn* (184 Misc. 258, *supra*) involved the position of an adopted child as an " heir " of a life tenant. The court,

in permitting an adopted child, born long after the death of the testator, to take the entire remainder, said (pp. 261–262) : '' The statute which confers the right of inheritance on the foster child contains one limitation, and that applies where future estates created under a will or deed may be cut off by means of such adoption. * * * In order to defeat his right to take as an heir of the granddaughter, it must appear from the will itself that the testator indicated his intent to exclude an adopted child and to confine the gift to persons related by blood to him. In those cases wherein it was held that an adopted child does not take under a gift to heirs, the intent of the testator to exclude the adopted child or to limit the gift to blood relatives clearly appeared.''

It has been urged, however, that a distinction should be made between a gift to heirs of a designated ancestor, such as was involved in the *Cohn* case, and a gift to his children, that an adopted child is properly characterized as an heir because of its right of inheritance given by statute, but that it is not in reality a child. Counsel cite *Matter of Conant* (144 Misc. 743) as so holding. It was there said, at page 744: '' However liberal and sweeping the law may be in defining property rights of an adopted child it has not transformed the meaning of the word ' child.' '' That case, however, appears to be in plain conflict with the foregoing decisions (see, also, *Matter of Cook,* 187 N. Y. 253, and *Carpenter* v. *Buffalo Gen. Elec. Co.,* 213 N. Y. 101), and cannot here be followed. Moreover, the distinction thus attempted to be drawn by counsel has no legal basis. While it is true that under the terms of the Decedent Estate Law an adopted child is an heir of its parent, under the terms of the Domestic Relations Law, quoted above, an adoptee is a child of its parent. There is only one situation where a distinction may be drawn between a gift to heirs and to children. Where a will or other instrument was drawn prior to both the Statute of Adoptions and the statute which declares that an adopted child is an heir of its adopting parent, a child adopted subsequent to both will take under a gift to the heirs of its parent but not under a gift to his children (*Matter of Squire,* 53 N. Y. S. 2d 698). A testator who drew such an instrument is presumed to be conscious of the fact that the Legislature may at any time change the statutory class of heirs (see *Gilliam* v. *Guaranty Trust Co.,* 186 N. Y. 127, *supra*), but he would not, prior to the statute, have anticipated a change in the meaning of the word '' children '', and would have meant only natural children when

the instrument was drawn. It should be noted, however, that the will in this case was executed at a time when the statute containing the legislative declaration of policy concerning adopted children was in full force and effect. The reasoning which requires an adopted child to be included in the class of " heirs " in the absence of a contrary intention (*Matter of Cohn, supra*) applies with equal vigor to a case involving a gift to children (*Matter of Horn, supra*).

Counsel for the niece of the donee has put forth an array of dicta which are said to contradict the foregoing cases. An examination of those decisions, however, indicates that they deal directly with the statutory exception found in section 115 of the Domestic Relations Law, rather than the general rule. *Matter of Leask* (197 N. Y. 193), for example, has been said to hold that adopted children are presumably not to be construed as children (*Matter of Marsh,* 143 Misc. 609; *Matter of Wait,* 42 N. Y. S. 2d 735). However, that case involved an instrument containing a simple remainder in default of children and the statute was applicable in its fullest terms. The court there was primarily concerned with the question whether evidence of an affirmative intention to include adopted children was not actually present. It held that it was not and that in fact there was positive evidence to the contrary and of an intention to keep the property within the testator's immediate family. The holding was stated by the court itself in the following words (197 N. Y. 196) : " In a case of adoption under our statute the foster parent and the minor have all the rights of parent and child, including the right of inheritance from each other; ' but, as respects the passing and limitation over of real and personal property dependent under the provisions of any instrument on the foster parent dying without heirs, *the minor is not deemed the child of the foster parent so as to defeat the rights of remaindermen.' "* That such was the holding in the *Leask* case is indicated by the decision in *Matter of Horn* (*supra,* p. 297). (See, also, *Matter of Hopkins,* 102 App. Div. 458.)

Although the decisions above quoted appear to preclude any further inquiry upon this phase of the case, counsel have suggested that normally a testator is not conscious of nor aware of the existence of a child who is adopted after his death. The same is true, however, of a natural child born directly to the designated ancestor after the testator's death. In both instances, their actual identity is unknown to him. Insofar as it is contended that a testator does not contemplate the acquisition of

a child by adoption it may be pointed out that the frequency with which such ties are established belies that contention. This court, which is a constant party to proceedings by which such relationships are created, cannot assume the ignorance of a testator of this important social and legal institution, nor can it ignore the plain fact that the Legislature has declared the products of that institution to be children of their adoptive parents, with only a limited exception. The use of that term in creating a gift implies an intention on the part of the testator to include those who sustain to the parent a filial relationship (*Von Beck* v. *Thomsen, supra; Matter of Horn, supra; Matter of Cohn, supra*). As adopted children and natural child both bear that relationship to their parent, their rights are the same unless the testator manifests a desire to keep the property in the hands of those to whom he or the ancestor is related by blood.

Further indication of the trend of judicial opinion on the subject of adopted children is found in a series of cases construing statutes which contain references to children. In *Matter of Walter* (270 N. Y. 201, *supra*), for example, the Court of Appeals held that a child by adoption is a child or descendant of its adopting parent within the meaning of section 29 of the Decedent Estate Law, which provides that a bequest to a predeceased brother or sister of the testator " shall not lapse, but the property so devised or bequeathed shall vest in the surviving *child or other descendant* of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate " (emphasis supplied). To the same effect are *Matter of Foster* (108 Misc. 604) and *Matter of Horvath* (155 Misc. 734, *supra*). In the latter case it was said, at page 737 : " The provisions of section [115] of the Domestic Relations Law have been consistently construed to include an adopted child within the meaning of the term ' child ' wherever the latter word is used in a statute." In *Bourne* v. *Dorney* (184 App. Div. 476, affd. 227 N. Y. 641) it was held that an adopted child is entitled to the benefit of section 26 of the Decedent Estate Law, which confers upon after-born children not mentioned in a will executed prior to their birth the right to take an intestate share of the testator's property. Under that case a child adopted after the execution of a will is to be considered a child born thereafter. (See, also, *Matter of Guilmartin*, 156 Misc. 699, affd. 250 App. Div. 762, affd. 277 N. Y. 689.) Finally, *Matter of Mawhinney* (146 Misc. 30) involved the question whether adopted children

may claim the protection of section 17 of the Decedent Estate Law, which prohibits the bequest to charity of an amount in excess of 50% of an estate by testator who leaves a spouse " child, or descendant or parent ". The court held that adopted children are protected to the same extent as those of the blood and are children within the meaning of the statute.

Where, therefore, there is a simple gift to children, no reason appears to discriminate between those born to the named ancestor and those adopted by him. Both are entitled to designation as children, one by force of nature and one by operation of law. The usual manner in which the question is presented is whether children by adoption shall share equally with natural children, or, upon occasion, whether adopted children are entitled to the entire gift to the exclusion of others who would be heirs in their absence. The unusual manner in which the question is here presented, whether the donee of a power may choose to appoint to her adopted children, does not change the applicable rules but merely presents the question in sharper focus. The power of the donee in this case to appoint the property to her " children " prima facie permits an appointment to those acquired by adoption.

Where, however, there is a gift over in the absence of children the adversity of interest which exists is not between natural children and those by adoption or the latter and intestate distributees but between adopted children and specified remaindermen chosen by the testator himself. In that case, the fourth paragraph of section 115 of the Domestic Relations Law, is directly applicable (*Matter of Leask, supra; Matter of Hopkins, supra*). To allow adopted children to participate in the assets under those circumstances it must be demonstrated that the testator intended a result contrary to that prescribed by statute and intended to include such children within the gift (*Matter of Leask, supra*). There must be an affirmative showing not of an intention to use the word " children " in its general signification but of a positive intention to permit adopted children to take to the exclusion of named remaindermen. Where such remaindermen are selected by the testator himself, the Legislature has assumed that such persons would be preferred by the testator over adoptees. Counsel contend that to allow adopted children to share the appointive assets in this estate would defeat such rights and is thus circumscribed by the statute.

The provision relied upon, however, forms but an exception to the broad pattern of remedial legislation embodied in the previ-

ous paragraph, which contains the definition of adopted children as children of the foster parent. Such exception, therefore, must be strictly construed in order that the major policy underlying legislation itself is not defeated (*Matter of Hering,* 133 App. Div. 293, affd. 196 N. Y. 218; *Strauch* v. *Town of Oyster Bay,* 263 App. Div. 833; *Smull* v. *Delaney,* 175 Misc. 795; *Matter of Kalina,* 184 Misc. 367, appeal dismissed 270 App. Div. 761; *Yunker* v. *Abbye Employment Agency,* 32 N. Y. S. 2d 715). " Exceptions * * * extend only so far as their language fairly warrants, and all doubts should be resolved in favor of the general provision rather than the exception. Where a general rule is established by statute with exceptions, the court will not curtail the former nor add to the latter by implication, and it is a general rule that an express exception excludes all others ". (59 C. J., Statutes, § 643, p. 1092.)

In *Yunker* v. *Abbye Employment Agency* (*supra*) it was said, at page 724: " [T]hose who would benefit from an exemption to a remedial statute, ' must bring themselves within both the letter and spirit of the exceptions.' *Bowie* v. *Ganzalez,* 1 Cir., 1941, 117 F. 2d 11, 16; *Fleming* v. *Hawkeye Pearl Button Co.,* 8 Cir., 1940, 113 F. 2d 52; *Wood* v. *Central Sand & Gravel Co.,* D. C., 33 F. Supp. 40." Previous cases involving the statute here in question have followed a like rule of construction. " [T]he tendency of most of the decisions, and particularly the later ones, is to extend rather than restrict the right of the adopted child to inherit from the foster parent even to the exclusion of the residuary legatees and remaindermen." (*Matter of Mawhinney,* 146 Misc. 30, 33, *supra*; see, also, *Gilliam* v. *Guaranty Trust Co., supra; Matter of Bates,* 173 Misc. 703; *Matter of Hecker,* 178 Misc. 449, and *Matter of Cohn, supra*).

Considered in this light the court finds that the sharing of the appointive assets by the adopted children here involved does not contravene the statute nor does it operate as a fraud upon the rights of remaindermen. The fourth paragraph by its terms is limited to remainders " dependent under the provisions of any instrument on the foster parent dying without heirs ". (Domestic Relations Law, § 115.) Taken most favorably to the remainderman, the statute may be construed to mean " dependent * * * on the foster parent dying without children capable of receiving by appointment." However, the remainder here involved was not so dependent. The will of the testatrix authorized the donee to appoint to her husband and to any one or more of the group of presumptive remaindermen in

any manner or proportion. Within the limits of the class defined by the testatrix, the donee *under the terms of the will* had unrestrained freedom of choice so far as relative shares were concerned, and as to any of the presumptive remainder-men, she was empowered to defeat completely his interest by an act not involving a child or children. The remainders were thus dependent not upon death without children but upon the whim of donee in making her selection. As under the terms of the will she could have arbitrarily cut off the interests of any one or all of the takers in default in the absence of children, the interposition between the remaindermen and the property of that broad power of diversion renders those interests contingent upon an event other than that provided in the statutory exception. The court may not expand that exception to fit the facts of this case. '' [T]he expression of this limited purpose precludes the inference that the Legislature intended the statute to have a broader effect. (*Matter of Hering,* 133 App. Div. 293, affd. 196 N. Y. 218; *Buoneto* v. *Buoneto,* 254 App. Div. 75; Id. 688, revd. on other grounds 278 N. Y. 284; *Matter of Herle,* 165 Misc. 46, 52; *Bowdler* v. *St. Johnsbury Trucking Co.,* 4 A. [2d] 871; 2 Sutherland on Statutory Construction [2d ed.], § 494; 2 Black on Interpretation of Laws [2d ed.], § 72, p. 222.) '' (*Smull* v. *Delaney,* 175 Misc. 795, 798–799, *supra*). '' That which is not embraced within the exception must be deemed to be within the scope of the general rule.'' (*Strauch* v. *Town of Oyster Bay,* 263 App. Div. 833, *supra*.)

Moreover, the statute was designed to protect remaindermen from fraud on their rights which would result if such rights could be defeated by the simple act of adoption. '' Where the passing by limitation over of real or personal property is dependent on a parent dying without heirs or children, it would be very easy for a person having no child or children to adopt one and thus cut off the contingent remainder. The statute was aimed at such a possibility '' (*Matter of Horn,* 256 N. Y. 294, 297, *supra*). As under the terms of the will, it lay within the power of the donee to defeat the rights of the takers in default by appointing to others than her adopted children, the simple act of adoption, when consummated, could not operate as a fraud upon their rights. What the effect would have been of a power which limited the donee to appointment solely among her children, it is not now necessary to decide. The remainder-man here has brought herself within neither the letter nor spirit of the exception to the statute (*Yunker* v. *Abbye Employment*

*Agency, supra*). Accordingly, the exercise of the power of appointment is held to be valid. The corpus of the trust will be distributed according to the directions contained in the will of the donee.

Submit, on notice, decree accordingly.