Joseph A. Cox, S.
In this proceeding, brought by the sole surviving trustee to settle its account, objections have been filed by the adopted son of a deceased trust remainderman. The precise issue presented for determination is whether or not the child adopted after the testator’s death is entitled to share as a remainderman in a trust directed to be distribted per stirpes upon the death of the life beneficiary to the “ lawful issue ” of deceased brothers and sisters.
Resolution of the question requires a construction of the will and particularly article Ninth thereof which reads in part as follows: “ I give and bequeath to my executors hereinafter named the sum of Twenty Thousand ($20,000.) Dollars in trust to hold, manage, invest and reinvest the same, to collect and receive the rents, issues and profits thereof and after paying all necessary charges and expenses thereof to pay over the net income therefrom to my said niece, Isabelle Taintor, during her life in quarterly annual payments. On the death of the said Isabelle Taintor leaving lawful issue her surviving the principal of said trust estate together with all unexpended income therefrom I give and bequeath to such issue in equal shares. Should my said niece die leaving her surviving no lawful issue but brothers and sister, or issue of any deceased brother or sister, I give and bequeath such principal and unexpended income to such of her brothers and sister as may survive her and to the lawful issue of any deceased brother or sister in equal shares per stirpes and not per capita.”
The testator herein died a resident of New York County on March 12, 1920 leaving a will which was executed by him on February 27, 1920. His niece, Isabelle Taintor, life beneficiary of the trust, died on November 3, 1960 survived by no issue, no brothers or sisters and no issue of deceased brothers or sisters other than the issue of a deceased sister, one Mary Lord Mason. The said Mary Lord Mason had three children, two of whom are still living. The third child Lowell Mason also predeceased the life beneficiary but left him surviving one natural child and one adopted child, the objectant herein who was adopted some nine years after the decedent’s death.
*162 Our courts have passed upon the rights of an adopted child. to inherit a remainder as a child, heir, lawful issue or descendant of its foster parents on numerous occasions and the decisions which highlight our appellate courts’ reasoning in connection with this complex problem are Von Beck v. Thomsen (44 App. Div. 373, affd. 167 N. Y. 601); New York Life Ins. & Trust Co. v. Viele (161 N. Y. 11); Matter of Leask (197 N. Y. 193); Matter of Hopkins (102 App. Div. 458); Matter of Horn (256 N. Y. 294); Matter of Cohn (184 Misc. 258, affd. 271 App. Div. 775, affd. 297 N. Y. 536); Matter of Upjohn (304 N. Y. 366); Matter of Charles (200 Misc. 452, affd. 279 App, Div. 741, affd. 304 N. Y. 776); Matter of Ward (9 A D 2d 950, affd. 9 N Y 2d 722); Matter of Day (10 A D 2d 220); Matter of Ricks (12 A D 2d 395, affd. 10 N Y 2d 231).
Each of the cited cases involved the definition to be given to such words as heir, issue, children and the like as applied to an adoptee and, as a basis for the definition, most of the cases searched for testamentary intention as a reason to include an adoptee. This negative approach to the problem is one which appears quite at odds with the approach to quite similar problems involving rights of adopted persons to participate in estates. Thus in Matter of Walter (270 N. Y. 201) the Court of Appeals held that a child by adoption is a child or descendant of its adopting parent within the meaning of section 29 of the Decedent Estate Law, which provides that a bequest to a predeceased brother or sister of the testator “ shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate.” (See, also, Matter of Foster, 108 Misc. 604; Matter of Horvath, 155 Misc. 734.) In Bourne v. Dorney (184 App. Div. 476, affd. 227 N. Y. 641) the legislative intent was further effectuated when the court held that an adopted child is entitled to the benefit of section 26 of the Decedent Estate Law which gives to after-born children, not mentioned in a will executed prior to their birth, the right to take an intestate share of the testator’s property. In that case a child, adopted after the execution of the will, was considered to be an after-born child (see, also, Matter of Guilmartin, 156 Misc. 699, affd. 250 App. Div. 762, affd. 277 N. Y. 689). In Matter of Mawhinney (146 Misc. 30, affd. 239 App. Div. 874) the court held that an adopted child was protected by the provisions of section 17 of the Decedent Estate Law which prohibits the bequest to charity of an amount in excess of 50% of an estate by a testator who leaves a spouse, child, descendant or parent.
*163 In Matter of Walter (supra), as in the other eases favoring adopted children, the court premised its decision upon the status created for adopted children by section 114 (now § 115) of the Domestic Relations Law.
Section 115 of the Domestic Relations Law was first enacted in 1873 as section 64 and, except for its enlargement, has remained substantially unchanged up to the present time. The pertinent provisions of the section which must be considered read as follows:
“ The foster parent or parents and the foster child shall sustain toward each other the legal relation of parent and child and shall have all the rights and be subject to all the duties of that relation including the rights of inheritance from each other.
“ As respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the foster child is not deemed the child of the foster parent so ás to defeat the rights of remaindermen. ’ ’
In 1938 the Legislature, in an effort to further equalize and equate the status and rights of adopted children with those of natural children, amended section 115 of the Domestic Relations Law so as to give the foster and natural children of the same parents the right to inherit from each other, including the right of their respective distributees to inherit “ as if each such child were the natural child of the foster parents.” To this was attached the same qualified limitation on inheritance as appears in the statute with respect to the taking by an adopted child through its foster parent which would defeat the rights of remaindermen.
■ It would seem that, consistent with the decisions which recognize the status acquired by adopted children, the approach to all problems óf will construction well could have been an affirmative one which would deem adopted children to be in truth the lineal descendants of their foster parents (cf. Matter of Cook, 187 N. Y. 253, 261) and, as such, entitled to share all testamentary benefits in the absence of a testamentary intention to the contrary, or unless the exception contained in section 115 itself became applicable. This was the manner in which Surrogate Foley considered the problem in Matter of Cohn (supra) and was the attitude of Surrogate FRAnfifeTHALER in Matter of Charles (supra). It Would seem that any consideration of the problem by the search for an intention to benefit an adopted child does not give section 115 real effect. If the basis for decision is testamentary intention alone, what significance does the statute have in this area of will construction and, particularly, *164 can the limitation as to the defeating of a remainder have any significance at all? Many of the cases, while referring to the Domestic Relations Law, rest solely upon the intention of the testator and, in fact, the limitation as to defeating a remainder comes into play at a time when a decision of the case, based wholly on decedent’s intention, has been reached without prior consideration of the statute. This fact may well be the underlying reason for the sharply differing opinions in Matter of Ricks (supra).
The facts in the case at bar fall peculiarly within the facts of Matter of Ricks (supra). The objectant herein was adopted some nine years after the testator’s death and there is nothing contained in the will which can be construed to indicate that the testator, who obviously did not know of the adoption, intended to benefit adopted children. Although there is here no ‘ ‘ passing or limitation over” dependent upon the foster parent dying without heirs, this court is constrained by force of prior decisions to find that the objectant herein cannot be permitted to share in the remainder.