OPINION OF THE COURT
Marie M. Lambert, S.
In this accounting proceeding, the trustee has petitioned for *427 a construction of the will as well as to judicially settle the final account. The construction question raised is whether or not a child born out of wedlock to the son of the testatrix is entitled to inherit under the class of individuals referred to as "issue”.
The will in question was executed on May 13, 1930 and probated in this court on October 19, 1936. Pursuant to the terms of the will, the decedent set up a trust for her son, Herbert Gans. Upon the death of Herbert Gans, which occurred on December 13, 1954, the trust was to continue for the life of his widow, Marie M. Gans, and that during her life, the widow was to receive $10,000 per year of the income and the remaining income was to be distributed to Herbert Gans’ issue, per stirpes. Upon the death of Marie M. Gans, which occurred on September 12, 1982, and which has resulted in the termination of this trust, the remainder of the trust principal and any undistributed income is payable per stirpes to "the issue of my said son [Herbert Gans]”.
Herbert Gans had three issue of his marriage, two of whom predeceased the widow, Marie M. Gans. The papers submitted indicate that in 1948, Herbert Gans was the father of a child born out of wedlock and that by order of Hon. Frederick L. Hackenburg, a Justice of the Special Sessions Court, County of New York, Herbert Gans admitted that he was the father of the child and agreed to support said child in accordance with a written agreement signed by him which is dated April 18, 1949. The name of that child is Bertrand Barry Gans, who has filed objections in this accounting proceeding.
Objectant has now moved for summary judgment on the construction issue in which he claims that he is entitled to benefit in this estate since he is a child of Herbert Gans and comes within the provision of the term "issue”. The other parties to this proceeding oppose such a construction and assert that the term "issue” only includes lawful issue of Herbert Gans and does not include the objectant.
In the papers submitted on the motion for summary judgment, the parties refer to Matter of Hoffman (53 AD2d 55). While objectant contends that the decision in that proceeding is a resolution of the issue raised herein, the other parties assert that that case does not apply and that of Matter of Leventritt (92 Misc 2d 598) is controlling.
In Matter of Hoffman (supra), the Appellate Division, First Department, was asked to determine whether the term "is *428 sue” as used in a will which was drafted in 1950 and admitted to probate in 1951 should be construed to include nonmarital grandchildren. Although the father of the nonmarital children never married the mother nor was an order of filiation entered, the Surrogate determined that the children were that of the father. Notwithstanding this finding, the Surrogate held that the term "issue” as used in a will meant "lawful issue” only. The Appellate Division, although recognizing that prior decisions did hold that the term "issue” presumed to include only lawful descendants, reversed the Surrogate. The reversal was based on two developments: a change in social attitudes towards nonmarital children and "recent developments in constitutional law”. (Matter of Hoffman, supra, p 57.) As such, the court determined that "the law is not only outmoded, but discriminatory and should be rejected.” (Supra, at p 57.)
The basis for the Hoffman determination that prior law was outmoded was a parade of legislation going back to 1909 which treats children born out of wedlock and in wedlock equally. In fact, appended to the decision in Matter of Hoffman (supra, pp 61-63, n 7) is a listing of both State and Federal statutes which were changed with respect to this question. Although not listed or noted by the Hoffman court, the Legislature, effective July 1, 1975, had added EPTL 5-4.5 which provides that for the purpose of recovery in a wrongful death cause of action, "a child born out of wedlock is the distributee of his father and the father of a child born out of wedlock is that child’s distributee.”
The Hoffman basis for claiming that prior law was discriminatory rests on the "expanding concepts of the Equal Protection Clause (US Const, 14th Arndt).” (Matter of Hoffman, 53 AD2d 55, 66, supra.) The court stated that (p 66): "[t]o construe 'issue’ in a will as excluding illegitimate children otherwise entitled to inherit thereunder, is, as stated before, nothing more than the substitution of judicial preference for a testator’s intent. Such preference, under the guise of judicial construction, we believe, is State action. (See Shelley v Kraemer, 334 US 1.) State action is proscribed if it promotes discrimination based upon an unconstitutional classification (Levy v Louisiana, 391 US 68; Glona v American Guar. Co., 391 US 73; Weber v Aetna Cas. & Sur. Co., 406 US 164; but cf Labine v Vincent, 401 US 532).”
Accordingly, the unanimous court stated the following (supra, p 65): "we reject the rule that where the word 'issue’, standing alone, appears in a will, it will be interpreted to *429 include within its meaning only lawful descendants. We hold that the word 'issue’ should be construed to refer to legitimate and illegitimate descendants alike in the absence of an express qualification by the testatrix.”
In Matter of Leventritt (92 Misc 2d 598, supra), former Surrogate Blyn was faced with a similar issue. In Leventritt, he found that the alleged out-of-wedlock child who sought an interest in the trust principal could not come within the will’s provision since the decedent’s will was admitted to probate in 1939, well before the 1951 admission of the will used in Matter of Hoffman (supra). Consequently, he found that Matter of Hoffman (supra) was distinguishable, that the decision therein did not apply and that the old rule excluding nonmarital children in the term "children” applied to the facts in the Leventritt will. The paternity proceeding which was the basis for the construction question in Leventritt was terminated by an agreement of settlement which, unlike the case sub judice, did not result in an admission of paternity. The order which was entered based upon that settlement indicated that an Assistant Corporation Counsel and the Second Deputy Commissioner of Welfare were a party to that settlement agreement, that the court approved that settlement agreement, and that the mother and child were "forever barred” from making any further claims against that son of decedent (supra, at p 600). Rather than decide the issue on the basis of the facts before it, the former Surrogate limited Matter of Hoffman (supra) to the date that the will was executed or that the will was admitted to probate, and decided the issue as a matter of law. The court stated the following (p 604): "it seems clear to this court that any wills executed later than 1951 (the year the will was drafted in Matter of Hoffman [sic]) which include such words as 'issue’, 'descendants’ or 'children’ will be deemed to include nonmarital children unless the testator expressly excludes nonmarital children. The corollary of this conclusion is that in the opinion of this court as to wills executed prior to 1950 the old rule will still prevail that unless expressly included nonmarital children do not take under words such as 'issue’, 'descendants’ or 'children’.”
This court sees no magic to the years 1950 or 1951 and does not agree with former Surrogate Blyn that the Appellate Division Justices in Matter of Hoffman (supra) intended to restrict their determination in such a manner. It is clear from reading Matter of Hoffman that the changes in society’s attitudes toward nonmaritals was part of an evolutionary *430 process which did not culminate on any specific date. In making Matter of Hoffman the rule of this State, the New York Court of Appeals in Matter of Best (66 NY2d 151, 154-155) did not put any time limits on its application. Moreover, the equal protection clause applies prospectively to the 14th Amendment, which clearly predates this will and is not restricted. Accordingly, this court determines that in any construction proceeding, the term "issue” includes children born in and out of wedlock unless there is an express qualification by the testatrix (see also, Matter of Kane, 130 Misc 2d 282).
In reaching this conclusion, the court notes that a comparison can be drawn between what was accomplished in Matter of Hoffman (supra) and what the Court of Appeals did in Matter of Park (15 NY2d 413, rearg withdrawn 16 NY2d 883). In Park, the Court of Appeals gave a "fresh reading” to the precautionary addendum which prohibited adopted children from inheriting under instruments where the rights of natural descendants were cut off. (Supra, p 416.) The Park decision affected and still affects construction proceedings on many instruments and has been applied as a rule of law, irrespective of whether or not the wills to be construed predated or postdated the instrument therein. The cases do not refer to a date, but to whether or not the precautionary addendum would apply to the facts in each instance (see, Matter of Gardiner, 113 AD2d 651, for a discussion on the history of this change). Consequently, it appears that the determination in Matter of Hoffman (supra), which has been adopted by the Court of Appeals in Matter of Best (supra), should be treated the same way and the decision herein should be based upon the will and the underlying facts rather than on an arbitrary date.
Finally, it should be noted that even if the presumption of inclusion does not extend to wills of this vintage, the court finds that there are sufficient facts existing which would overcome any presumption of exclusion. In the precautionary addendum cases, courts have found no intent to exclude where testator shows a lack of concern for bloodlines (Matter of Snowden, 31 NY2d 322; Matter of Charles, 200 Misc 452, affd 279 App Div 741, affd 304 NY 776; Matter of Gardiner, supra). In Matter of Charles (supra) such lack of concern was evidenced by the inclusion of a power of appointment which permitted the testatrix’s daughter to appoint trust principal to her husband. Herein, not only do the wives, who were alive on decedent’s death, receive an income interest, but those wives *431 who would have been born thereafter could receive an interest in the principal as being in the group of next of kin to the son. Therefore, since an adopted child could be found to have been included herein, applying the rule of construction in Matter of Park (supra) and/or Matter of Snowden (supra), so too should an out-of-wedlock child inherit under Matter of Hoffman (supra).
Based upon the facts herein, it is clear that objectant Bertrand Barry Gans is a child of Herbert Gans and comes within the term "issue” as reflected in the will. Accordingly, the motion for summary judgment is granted on the issue of the construction. Proceed accordingly with respect to the other objections to the account.