## Miskey's Estate.

*Trust and trustees—Deed of trust.*

Where a settlor by a deed of trust gives to his wife certain real estate with the usual active duties of a trustee, and directs his wife during her lifetime to use the net income of the estate to and for the maintenance and support of herself and of two children, naming them, and to such other children as might thereafter be born to the settlor and his wife, the widow has the right to use the whole income at her discretion for the support of herself and children, and a child who has left the mother's domicile has no standing to demand a portion of the income.

Argued May 11, 1904.   Appeal, No. 279, Jan. T., 1903, by

Mary V. Quay, from order of C. P. No. 1, Phila. Co., March T., 1902, No. 3657, dismissing petition for citation in estate of William F. Miskey, Jr. Before FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Petition for citation.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing the petition.

*W. Nelson L. West,* for appellant, cited: Jacoby's Est., 204 Pa. 188; Boyle v. Boyle, 152 Pa. 108; Cox v. Rogers, 77 Pa. 160; Paisley's App., 70 Pa. 153; Biddle's App., 80 Pa. 258; Cressler's Est., 161 Pa. 427.

*George R. Van Dusen,* for appellee, cited: Paisley's App., 70 Pa. 153; Cressler's Est., 161 Pa. 427; Mazurie's Est., 132 Pa. 157; Bowden v. Laing, 14 Sim. 113.

OPINION BY MR. JUSTICE POTTER, June 15, 1904:

William F. Miskey, Jr., the father of the appellant in this case, executed a trust deed upon May 4, 1881, conveying certain property to his father, in trust to convey it to Mary Thomas Miskey, the appellee here. The property was duly conveyed to her the same day, upon the following trusts, " that she, the said Mary Thomas Miskey, and her successors, in the trust, shall let the above described premises from time to time, manage and take care of the same, keep the same insured and in good order and repair, collect the rents, issues and profits thereof, and after paying thereout all necessary expenses, such as taxes, water rents, costs of repairs, insurance and incidental charges, shall during the lifetime of the said Mary Thomas Miskey appropriate and use the net income of the said estate to and for the maintenance and support of the said Mary Thomas Miskey and the maintenance, education and support of Mary V. Miskey and John A. Miskey, Jr., children of the said William F. Miskey, Jr., and of such other children as may hereafter be born to them, the said William F. Miskey, Jr., and Mary Thomas, his wife." No children were born after the date of the trust deed, and the only parties interested are the widow, now Mary

Thomas Early, and John A. Miskey, Jr., and Mary V. Quay, children of the settlor. The trustee accepted the trust and has managed and controlled the properties ever since. The grantor William F. Miskey, Jr., died March 28, 1882, and the widow and the two children seem to have lived together as a family until 1889, when the appellant was married. The defendant continued to share the income of the trust estate with her until 1898, when appellant was divorced from her first husband, and subsequently married A. G. C. Quay. Since then she has received no part of the income of this estate. On May 9, 1902, she filed her petition in the court below asking for an accounting. The defendant filed an answer stating that the petitioner had removed from the domicile of the trustee, and further that she was advised that under the terms of the trust deed, she was under no liability to account, and had the right to use and appropriate the income of the estate at her discretion. After hearing upon the petition and answer, the court below dismissed the petition, and from its decree this appeal was taken.

The duties imposed upon the appellee as trustee, under the terms of the deed are to manage the property, collect the rents, pay taxes, make repairs, and preserve the corpus of the estate. In this respect she discharges the duties which are common to trustees, and the fact that the title to the property is vested in her, and its management intrusted to her, does not in any-way affect her right to control the expenditure of the net income. That was given to her to be used for her own support, and the education and support of the children of the settlor. We feel that this case is properly controlled by the principles set forth by SHARSWOOD, J., in Paisley's Appeal, 70 Pa. 153. There the renting and management of the property was to be under the control of the executors, while here those duties are imposed upon the widow; but the income was as in the case now before us, given to the widow for her natural life, for her support and the support and education of her children. It was held, upon most satisfactory reasoning, that the words of the will created no trust, either in the widow or in its executors, for the children; and that the widow could not be required to account for the expenditure of the income. In the present case the appellant in her petition claims that she is entitled to one third of the net income. But for the same

reasons as were expressed in Paisley's Appeal, we are unable to accede to this suggestion. We can find nothing in the language of the deed to indicate that any definite proportion of the income was to be set apart for appellant. It was settled, as long ago as Bowden v. Laing, 14 Sim. 113, that when the income of property is given, as it is in this case, to the mother, for the maintenance of herself and her children, that the intention is that she shall receive the whole of the income, and shall maintain the children out of it so long as they form part of her family. In the present case the widow not only supported the appellant while she continued in the family, but for years after she had left the parental home, and was entitled to the support of her husband. The amount of the net income from this estate is not shown, but it seems to be very modest, and it might work great hardship to the widow to hold, as is contended by appellant, that she is only entitled to one third of the net income, without regard to her position or circumstances. We see no intent upon the part of the grantor, as disclosed by the language of the deed, to require any supervision of the disbursement of the income by the appellee. He saw fit to commit its distribution to her discretion, and we think the court below was right in refusing to assume jurisdiction in the premises.

The assignments of error are overruled, the decree of the court below is affirmed, and this appeal is dismissed at the cost of appellant.