## Smith's Estate.

*Will—Trusts and trustees—Executors and administrators—Discretion of executor.*

Testator directed as follows: "When the whole of my residuary estate shall be converted into money as aforesaid, then I will and direct that my executor shall put and place the same out at interest in such securities as he may deem best, and the interest or dividends thereof when and the same shall be got in and received to be paid to my son for the purpose of paying the taxes and keeping in repair the property, and for the support of himself and his children during his lifetime. Or, if my executor deems it best, he may use the interest for the purposes aforesaid and not pay any directly to my said son; or my said executor may divide the interest or dividends to and among my son and his children in such proportion as he deems best in case they do not live together as one family. And after the death of my son the principal and interest accruing shall be equally divided among my grandchildren share and share alike" (naming them). *Held*, that one of the grandchildren named, a daughter of the son, who had not been a member of her father's household at the time testator made his will, had no standing to have her father declared a trustee as to the income of the estate paid to him by the executor, and to require him as such trustee to pay over to her an amount alleged to be due her on account of the trust.

Argued Dec. 6, 1904. Appeal, No. 96, Oct. T. 1904, by Martha H. Simmons, from decree of O. C. Schuylkill Co., dismissing petition to declare a trust in Estate of Richard Smith, deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition to declare a trust.
The facts appear by the opinion of the Superior Court.

*Error assigned* was decree dismissing the petition.

*George M. Roads*, for appellant.—The court should have de-

clared the trust: McCullough's App., 12 Pa. 197; Boyle v. Boyle, 152 Pa. 108; McKee's Est., 17 Pa. C. C. Rep. 548.

The gift to a parent for the care of his invalid son may well be regarded as equivalent to him in trust for such care: Elmslie's Est., 25 Pa. C. C. Rep. 447; Armstrong's Est., 10 Pa. Dist. Rep., 670; Beck's Appeal, 46 Pa. 527.

A distinction should also be observed between a gift to a widow for the support of herself and children, as in Paisley's appeal and the case at bar, to a son, for the reason that a widow in Pennsylvania is considered a purchaser because she elects to take under the will in lieu of her dower: Wolfersberger's Est., 15 Pa. C. C. Rep. 395; Bailey's Est., 23 Pa. C. C. Rep. 139; McDaniel's Est., 9 Pa. C. C. Rep. 232.

*D. C. Henning*, for appellee, cited: Paisley's App., 70 Pa. 153; Miskey's App., 209 Pa. 474.

OPINION BY HENDERSON, J., March, 14, 1905:

That part of the testator's will material to the present inquiry is as follows:

" When the whole of my residuary estate shall be converted into money as aforesaid, then I will and direct that my executor shall put and place the same out at interest in such securities as he may deem best, and the interest or dividends thereof when and the same shall be got in and received to be paid to my son William Smith, for the purpose of paying the taxes and keeping in repair the ' Bindley ' property, and for the support of himself and his children during his lifetime. Or, if my executor deems it best, he may use the interest for the purposes aforesaid and not pay any directly to my said son; or my said executor may divide the interest or dividends to and among my son and his children in such proportion as he deems best in case they do not live together as one family. And after the death of my son William, the principal and interest accruing shall be equally divided among my grandchildren Elizabeth S. Smith, Joseph Howard Smith, and Martha H. Smith, share and share alike."

Martha H. Smith, a daughter of William Smith, seeks by this proceeding to have her father declared a trustee as to the income of the estate paid to him by the executor, and that as

such trustee he be directed to pay over to her the amount alleged to be due to her on account of said trust.

It will be observed that the payment of the income of the estate is committed to the discretion of the executor. He may pay the whole income to William Smith " For the purpose of paying the taxes and keeping in repair the ' Bindley' property and for the support of himself and his children during his lifetime," or, if he deem best, he may use the interest for that purpose and not pay any directly to William Smith; or he may divide the income " among my son and his children in such proportion as he deems best in case they do not live together as one family." William Smith was not in position to demand the payment of the income to himself. Such payment was at the volition of the executor. If any trust existed as to William Smith under the terms of the will, it must have arisen at the death of the testator. The creation of a trust at that time is inconsistent with the discretion reposed in the executor, and with the plan of application by himself, which the executor was authorized to adopt. It was apparently the purpose of the testator to provide for the maintenance of his son and his family in the home where they resided. The petitioner was not then a member of the household and had not been from her early infancy. The provision for a division among the son and his children in case they did not live together as one family evidently contemplated a domestic condition not existing at the time of the testator's death, and was not made in view of the absence at that time of the petitioner from the home of her father. The appellant proceeds upon the theory that she is entitled to a share in the fund paid to her father by the executor as if it were distributable under the intestate laws of the commonwealth; but the language of the will nowhere discloses an intention on the part of the testator to give his grandchildren any particular share of the income of the estate. Neither William Smith nor any of his children could demand a part or equal share of the fund, nor does any intention appear that the former should account to his children for the fund which might come into his hands by the voluntary payment of the executor. The condition of the household, the age, health and educational necessities of the respective children might require applications of the fund entirely incom-

patible with the position that it was distributable in equal portions. It was in the testator's contemplation that his son should remain at the head of his household, and that the nurture and education of his children should be subject to his control. When the income was paid to the son it became his to be used as he saw fit, subject to the moral obligation to apply it to the maintenance of himself and his family. If he failed in this respect, the executor was authorized to apply it for that purpose himself.

The will does not expressly declare that William Smith is a trustee, nor do its words create a trust in him for the children. It would be in contravention of the intention of the testator that the will should be so interpreted as to give to the children equal shares in the fund as a matter of right. The case is ruled by Paisley's Appeal, 70 Pa. 153 and Miskey's Estate, 209 Pa. 474. In the former of these cases there was a bequest to the testator's widow of the rents and profits of his property during her natural life for her support and the support and education of the testator's children. The attempt was there to charge the widow as a trustee, but it was held that the words of the will did not create a trust; that the widow had the fund absolutely, and was only bound in conscience for the appropriation of it according to the terms of the will. In Miskey's Estate there was a conveyance to Mary Miskey, the wife of the settlor, in trust for the maintenance and support of the trustee, and the maintenance, education and support of her children during the lifetime of the trustee. It was held that the income of the estate was committed for distribution to the discretion of the trustee, and that she could not be required to account to the children therefor. The present case is stronger than those cited, for here the income is not directly bequeathed to William Smith. He can only acquire it through the exercise of the discretion vested in the executor.

The case of Kinsey v. Lardner, 15 S. & R. 192, relied upon by the appellant, was referred to and commented upon in Paisley's Appeal, 70 Pa. 153; where it was said that the only matter decided in that case was that the wife had an estate for life with a vested remainder to the children. It is not an authority on the question we are now considering. The executor has not seen proper to pay any of the income of the

estate to the appellant, perhaps because she was sufficiently provided for in the home of her mother's relatives with whom she grew to womanhood. With the exercise of that discretion we have nothing to do in this proceeding. The assignments of error are overruled and the decree affirmed.