# Minnich, Appellant, v. Peoples Trust, Savings and Deposit Company.

*Wills—Trust and trustees—Income.*

The mother of a lunatic daughter bequeathed to her executrix, another daughter, one-half of her estate, in trust, to be safely invested in the income or so much thereof as may be deemed necessary, to be used for the comfortable maintenance and support of her lunatic daughter, and at the death of said lunatic daughter, the trust estate with the accumulated income and accrued interest was to go to the children of the executrix and trustee in equal shares. The lunatic daughter had an estate from her father the income of which was sufficient for her support. *Held,* that the committee of the lunatic had a right to demand from the trustee the whole of the income of the trust estate for the maintenance of the lunatic notwithstanding the fact that the lunatic had an income from her individual estate.

Argued Nov. 15, 1904. Appeal, No. 32, Oct. T., 1904, by plaintiff, from judgment of C. P. Lancaster Co., Dec. T., 1903, No. 73, on case stated in case of Maria Minnich v. The Peoples Trust, Savings and Deposit Company, Committee of Harriet Longenecker, a lunatic. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Case stated to determine right to income derived from the estate of Elizabeth Longenecker, deceased.

The trust for the benefit of Harriet Longenecker, a lunatic daughter of Elizabeth Longenecker, as created by the will of the decedent is set forth in the opinion of the Superior Court. It appeared from the case stated that Harriet Longenecker had an individual estate derived from her father to the amount of $20,000. Maria Minnich claimed that the lunatic should be supported from the income derived from the individual estate, and that the income from the trust estate should be allowed to accumulate.

The court entered judgment for defendant on the case stated.

*Error assigned* was the judgment of the court.

*John A. Coyle,* with him *William H. Keller,* for appellant.

*D. McMullen,* for appellee.

OPINION BY SMITH, J., November 20, 1905:

The contention on this appeal arises over the following clause of the will of Elizabeth Longenecker:

" All the rest, residue and remainder of my whole estate, real, personal, whatsoever and wheresoever, I order and direct to be divided into two equal shares and portions and I give, devise and bequeath one equal part thereof unto my daughter, Maria Minnich, her heirs, executors, administratrix and assigns. The other equal part thereof I give, devise and bequeath unto her the said Maria Minnich in trust that she do continue as much thereof as possible in the real estate I now hold, all situate in said Penn township and that the residue be put out and placed at interest, in some safe manner, and I order that the income or so much thereof as may be deemed necessary, be used for the comfortable maintenance and support of my daughter Harriet Longenecker, who is of weak mind. It is my request also, that the said Harriet be given a home in her, the said Maria Minnich's family, or among people who will properly treat and care for her during her lifetime. At the death of the said Harriet Longenecker, the trust estate given and devised as herein set forth with the accumulated income and accrued interest, as well as what may remain of the household furniture and effects given by me to the said Harriet, I give, devise and bequeath unto the children of the said Maria Minnich in equal shares and parts, to those of them then living, and the issue of any of them then dead, per stirpes."

By this clause an active trust is created with duties defined and imposed upon the trustee named. Harriet, the enfeebled daughter of the testatrix, is made the beneficiary ; her welfare is, naturally, of much concern to the testatrix ; this is made apparent by the part quoted and the last disposing clause of the will. The terms of the trust are fixed by the will, but their interpretation is in dispute. It is a cardinal rule of construction that the intent of the testator shall govern in the construction of a will in all cases, except where a rule of law overrules the intention. This will is not embarrassed by any such rule, and the manifest intent and desire for the comfort and welfare of this invalid daughter must control. In the

case stated and the decision of the court, this is made the controlling question. It is to be observed that the will orders " that the income or so much thereof as may be deemed necessary, be used for the comfortable maintenance and support of " the beneficiary, and as said by the trial judge this can only mean that the whole income of the one-half of the mother's estate, or so much thereof as may be needed shall be used for Harriet's maintenance. While the will provides for the equal division of the whole estate, the income of the one-half is placed in trust for the use of Harriet, in order that she may enjoy it, unaffected by her present disability, as well as contingencies which may arise from unforeseen causes. The trust was created for her benefit, not for the others, who are provided for by the will, and the corpus of the whole trust is made subject to the provision for the life use of Harriet. Under the law this cannot be impaired during her lifetime.

To invest the trustee with unlimited control of the income, or of any part of it, would practically defeat, pro tanto, this provision of the will, which is evidently designed to secure the comfort and maintenance of this enfeebled daughter.

The judgment is affirmed.