## Shober Estate.

Argued January 12, 1950. Before MAXEY, C. J., DREW, LINN, STERN, STEARNE and JONES, JJ.

*Otto Kraus, Jr.,* for appellant.

*William H. S. Wells,* with him *Bernard J. Myers, Jr., Thomas S. Howland* and *Saul, Ewing, Remick & Saul,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, March 20, 1950:

Stella D. Shober died January 3, 1948, unmarried and without issue surviving her, and leaving a holographic will, dated May 13, 1947, upon which letters testamentary were granted.

The brief will is in the handwriting of the decedent. After bequeathing stocks, jewelry, her car, and personal effects, and one-half interest in a Photo-Crafters Studio to one LeRoy Magee, she added these words, preceded by a comma, "in doing so I request said LeRoy Magee to pay to my cousin Alice D. Sellers of 616 Second St. Lancaster, Pa. ($50.00) fifty dollars a month as long as she is working and ($100--) one hundred a month when she is unable to work."

The question is whether this testamentary request is to be regarded as precatory or whether it imports a condition imposed upon the prior bequests.

Magee contends that the bequest to him is an absolute gift; Alice D. Sellers contends that the words quoted should be regarded as mandatory. Miss Sellers was a cousin who was on very friendly terms with the decedent and during the last year of the decedent's life she regu-

larly sent to Miss Sellers a check for $50 every month. She sent no money to other relatives. LeRoy Magee was not related to decedent but had known her for about eighteen years. He regularly had dinner with her and they were seen together frequently in her home and in public places. They had taken trips together to other states. The court below correctly stated that the question involved "is an exceedingly close one". The auditing judge came to the conclusion that the words immediately following the bequest to Magee and constituting a part of the same sentence imported a condition and indicated an intention to charge on the bequest to Magee the monthly sum as in the nature of maintenance or an annuity for Alice D. Sellers to the extent created.

The court en banc dismissed the exceptions to the adjudication and sustained the adjudication. In doing so the court held that there was support for the conclusion that the testatrix intended the gift to Magee to be burdened with the charge of the payments to testatrix's cousin. Attention was called to the fact that the testatrix in directing the interment of her remains uses a precatory phrase, "Upon death I wish to be buried . . .". The court said further: "The fact that specific sums are involved in the payments to Alice D. Sellers, varying with her being employed or unemployed, is significant. . . . The exceptant argues that the will does not indicate that the sums so to be paid were to be 'made from the previous absolute bequests.' This complaint overlooks the only interpretation that can be given to the phrase, 'in doing so', which undoubtedly links the two expressions, making the second derivative from the first."

In *Jackson's Estate,* 337 Pa. 561, 565, 12 A. 2d 338, this Court said: "Among the accredited canons which are applied in interpreting wills which do not unmistakably reveal the maker's intention, are the following: (1) 'The law will impute to a testator's words such a meaning as,

under all the circumstances, will conform to his probable intention and be most agreeable to reason and justice': Johnson v. Brasington, 156 N. Y. 181, 185, 50 N. E. 859. (2) 'In determining the testator's intention, the court should place itself as nearly as possible in his position, and hence . . . should take into consideration the situation of the testator and the facts and circumstances surrounding him at the time the will was executed . . . , the state of the property devised,' the amount and character of the property of the testator when he made his will (McGlathery's Est., 311 Pa. 351, 166 A. 886), and 'the testator's relation to the beneficiaries, their condition or necessities': 69 C. J., p. 63, sec. 1120." Applying these canons to the question now before us we find no error in the decision of the court below.

The decree is affirmed. Costs to be paid by the Estate.