## Duffy Estate

*Thomas S. Howland*, for accountant.

*Lloyd J. Schumacker*, for income beneficiaries.

*B. I. DeYoung*, for principal beneficiary.

BOLGER, J., March 22, 1956.—Decedent died November 21, 1954, unmarried, without issue.

By his will dated November 7, 1952, a copy of which is annexed, the testator gave his entire estate to the accountant in trust to pay the income to his sisters-in-law, Ida Schlegel and Mary A. Bruestle, described in the will as Mary A. Bristle, for life and for the life of the survivor, and upon the death of the survivor to pay the balance of principal to Shriners Hospital for Crippled Children at Philadelphia. The testator directed that all taxes are to be paid by his general estate as administration expenses and appointed Second National Bank of Philadelphia executor and trustee.

Both the life tenants survive. At the audit the life tenants appeared through counsel and requested that each of them be paid $1,200 annually and to the extent that income might prove insufficient, principal is to be used to supply the deficiency.

A stipulation has been submitted by counsel for the life tenants and counsel for the remainderman in which it is asserted that Mamie Bruestle has assets amounting to $11,000, consisting of a savings account and a home. It is further stipulated that she has an annual income of $1,305.50.

Ida Schlegel has assets worth $7,900, consisting of savings accounts, a loan and securities. Her annual income is $5,140.

It is further stipulated that the basic costs of maintenance and support of each beneficiary amounts to approximately $1,712.40, and it is finally agreed in the stipulation that each of the beneficiaries will accept $1,200 annually from principal, less income received from the estate "conditioned upon the court determining that the said 'life beneficiaries' are entitled, under the foregoing circumstances, to payments from principal of the above estate in addition to income and conditioned upon the said question of law being presented to the court for disposition upon said agreed facts."

The trustee, however, takes the position that the claim of Ida Schlegel for payments from principal should be rejected, but that the claim by Miss Bruestle for payment out of principal should be honored to the extent of $600 annually. The trustee considers that under all the circumstances of this case and the admitted facts, it is properly exercising its discretion in arriving at this conclusion.

Counsel for the beneficiaries claims that the trustee has no right to deduct the beneficiaries' income from sources outside the trust from the admitted amount required by the beneficaries for living expenses.

Swinson Estate, 167 Pa. Superior Ct. 293 (1950) is the principal authority cited in support of this contention.

Where a trustee is given discretion to invade principal for the maintenance of a life tenant and refuses to exercise the discretion, the court will find a legal discretion and compel the trustee to act for the benefit of the life tenant: Walters' Case, 278 Pa. 421; Brown's Appeal, 345 Pa. 373. That problem is not present in this case. Here the trustee is willing to invade princi-

pal and to affirmatively exercise the power of discretion, but it is claimed that in doing so, the power given by the testator has been abused.

Swinson Estate, supra, and the various cases cited therein are all authority for the proposition that a testator who directs that a life tenant is to be supported and maintained out of principal and income gives to his trustee discretion to determine how much is required for the living expenses of the beneficiary.

This is a correct statement of the law provided always that the testator clearly and unequivocally has demonstrated an intention that the beneficiary is to look to the estate for complete care and maintenance. In all of the cases, the court has found such an intention before applying the inflexibile rule of law mentioned above.

Referring to the present will, the language used is as follows: "My trustee herein named in addition to the net income from my estate may in its sole discretion pay over from time to time as much of the principal thereof as it shall seem meet for the comfort and support of my said two sisters-in-law or the survivor of them. . . ." This is the language found in either identical or similar words in most of the cited cases.

" '. . . and also, in its discretion, . . . as much of the principal fund as in its opinion may be necessary for the care and maintenance, including medical and hospital treatment, of my aunt . . . for and during her natural life . . .' ": Swinson Estate, supra.

" 'I order that the income or so much thereof as may be deemed necessary be used for the comfortable maintenance and support of my daughter Harriet. . . .' ": Minnich v. Peoples Trust Savings and Deposit Company, 29 Pa. Superior Ct. 334.

This testator, however, went on to say in the next succeeding sentence of the same paragraph: "My executor and trustee shall be the sole authority as to

the need or necessity for such expenditure of principal." These added words cannot be ignored. They are not redundant and must be considered in relation to the next sentence in the same paragraph, which reads as follows: "I hereby authorize and empower my said executor and trustee to provide for the proper burial of my sisters-in-law or either of them should it appear that such expenditure is needful and necessary for that purpose."

Should either of the beneficiaries die leaving a personal estate more than adequate to pay funeral expenses, there is no way that this estate could be compelled to bear the expense. This testator did not intend to benefit the estates of either of the life tenants and if principal were invaded to supply the full maintenance of both, it is entirely conceivable that the estate would be exhausted and the intention of the testator would be defeated. An invasion of principal in the same amount to both without regard to their independent income could fail to give the survivor of the two beneficiaries the protection which he clearly intended for each one of them for life. In arriving at this conclusion, the court has followed the language of the Supreme Court in Swope Estate, 383 Pa. 494 (1956), p. 496: "In expounding a will, it is not what the testator may have meant, but what is the meaning of his words. It does not extend to a consideration of what testator might have said, but did not say."

I find that the testator intended to give to his executor and trustee the sole authority to determine the extent to which principal had to be invaded for both beneficiaries. I further find that in refusing to invade principal for Ida Schlegel, whose basic costs of maintenance amount to $1,700 annually and whose annual income is currently in excess of $5,000, the trustee has properly exercised its discretion and I further find that with relation to Mary A. Bruestle,

whose basic cost of maintenance annually is comparable to that of Ida Schlegel, but whose annual income is only $1,300, the trustee has not abused its discretion in agreeing to invade principal to the extent of $600 annually for her benefit.

And now, March 22, 1956, the account is confirmed nisi.