## Hassel Estate

*Ralph W. Eby, Jr.*, for petitioners.

*Brown & Zimmerman*, for executor.

*Charles Foltz Herr* and *Appel, Ranck, Levy & Appel*, for widow.

BOWMAN, P. J., November 17, 1958.—Charles R. Hassel died testate June 4, 1958. Item VIII of his will, dated September 6, 1957, reads as follows:

"ITEM VIII:- If, at the time of my death, Harry G. Keene and wife, are the tenant farmers on my farm in East Drumore Township, Lancaster County, Pennsylvania, they shall be given the option to purchase this farm for Eighteen Thousand Dollars ($18,000.00). This option must be exercised within six months of my death. The Trustees are authorized to invest funds in the farm upon such terms and conditions as are current at the time of my decease, and in their uncontrolled discretion."

By other provisions of his will testator bequeathed $5,000 to each of his grandchildren, to others pecuniary legacies aggregating $3,500, to his wife, Mildred L. Hassel, his personal effects and household furniture, and to his named trustees for the use of his wife during her life "sufficient property, real and personal, the value of which when added to the bequest . . . will equal an amount or sum equal to one-half of my net testamentary estate," with remainder over upon the death of the life tenant to the children of testator's son, Merrill. By item IX of the will testator's son, Merrill, to whom is bequeathed the residuary estate, is given the option to purchase a farm identified as the "Shissler Farm" in Bart Township, Lancaster County, for the sum of $50,000, under conditions identical with those contained in item VIII.

On June 12, 1958, decedent's surviving spouse filed an election to take again the will. On October 13, 1958, Harry G. Keene and his wife, Elizabeth, presented their petition for a citation directed to the executor,

154

testator's son, Merrill, to show cause why the farm referred to in item VIII of the will should not be conveyed to them upon their paying the sum of $18,000. It is averred in the petition: (1) That on July 24, 1958, petitioners filed their "acceptance of option" in the office of the clerk of the court; (2) that they are "ready and able to pay" the required sum of $18,000; and (3) that the executor has refused to convey the farm to them. A citation followed. An answer was filed by the executor which admits, inter alia, the refusal by him to convey the farm and, as the reason therefor, sets forth that the election of the surviving spouse has made it impossible to determine what, if any, is the proper price to pay for the farm, which an independent appraisal discloses has a value of $37,000.

At this stage of the administration of the estate should we now direct the executor to convey the farm to petitioners? We think not.

An option to purchase land is a devise: Bayer v. Walsh, 166 Pa. 38; Fenstermaker's Estate, 4 D. & C. 691. There has been no accounting by the personal representative and thus no audit. Actually, sufficient time has not elapsed since testator's death to permit the filing of an account and we see no reason why we should direct the filing thereof under section 701 of the Fiduciaries Act of April 18, 1949, P. L. 512. It has not, therefore, been established that the estate is solvent and all debts paid. See Battles Estate, 379 Pa. 140. Furthermore, what effect, if any, the election of the surviving spouse has upon petitioners' devise is a matter to be determined in an adjudication following an accounting by the executor.

And now, November 17, 1958, for the reasons stated the petition and the citation are dismissed, without prejudice to have determined at the time of audit petitioners' right to acquire the real estate at the price stated.