## Nolan Estate

Before Klein, P. J., and Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*Cahill, Cahill & Lynch,* for exceptant.

*Charles F. Nahill, Special Assistant Attorney General,* contra.

### READJUDICATION

BURKE, J., September 3, 1965.—St. Rita's Roman Catholic Church (church), assignee by writing dated June 29, 1964, of Rev. Leo J. Reichart, O.S.A., residuary legatee named in decedent's will, not satisfied with the assessment of transfer inheritance tax on the legacy, elected to have the correctness of the assessment determined at the audit of the executrix' account.

The church contends that the legacy to Father Reichart was, in effect, a gift to the Order of St. Augustine, of which the legatee is a member, and that by reason of the legatee's vow of poverty was distributable to the church, of which Father Reichart is pastor. Consequently, the church contends the legacy is not subject to tax, since the fund will be devoted exclusively for religious purposes: Section 302, Inheritance and Estate Tax Act of June 15, 1961, P. L. 373.

After certain pecuniary gifts and specific bequests, the will provides:

"Item 9. All the rest residue and remainder of all my property, of every name, nature and description which I may own or be entitled to, or have any interest in and wheresoever situate, I give, devise and bequeath absolutely and in fee, to the Rev. Leo J. Reichart, O.S.A., 1166 South Broad Street, Philadelphia, Penna."

It is conceded that Father Reichart is the legatee named in the will. The initials "O.S.A." stand for "Order of St. Augustine" and serve to identify the legatee.

In my adjudication filed on March 3, 1965, sur audit of the executrix' account, I concluded from the language of the will that the gift of residue was an absolute gift to Father Reichart and decided that the legacy was subject to tax. An award was made accordingly.

Exceptions to my adjudication were filed by the church, and the court en banc, at my request, referred the proceedings back to me as auditing judge for further consideration so that the church could adduce further testimony in support of its position that the legacy is not subject to the tax.

The intention of testator is all-important and is the polestar in the construction of wills. That intention must be gathered from all the language of the entire will: England Estate, 414 Pa. 115. If the meaning of the language is clear, the intention thereby manifested must be given effect. It is common sense, as well as a rule of law, not to attempt to construe that which needs no construction: Battles Estate, 379 Pa. 140. If the meaning is not clear, the court, in construing the language, will consider the circumstances surrounding testator when he made his will and the existing facts, and the intention thus ascertained from the language employed will be effectuated: Beisgen Estate, 387 Pa. 425. If the meaning of the language is not manifest, the court may also resort to canons or rules

of construction as an aid to interpretation: Hope Estate, 398 Pa. 470. But if the language employed clearly discloses testator's intention, the will interprets itself and no rules of construction are necessary: Dinkey Estate, 403 Pa. 179. These principles are firmly established in our law.

Father Reichart testified that he has been Pastor of St. Rita's Catholic Church since 1932 and that he has been a member of the Order of St. Augustine since 1908; that he had known decedent since 1935; that she had taught a Sunday School class at St. Rita's Church for many years before she removed from the parish; that she had made contributions to the church from time to time in addition to the usual weekly and special contributions. He further testified that upon his admission to the Order of St. Augustine on July 6, 1908, he promised in writing "to live without anything of my own and in the common life according to the decrees of the Supreme Pontiff. . . ." A photocopy of his vows in Latin and a translation thereof from Latin into English was offered in evidence. Contemporaneously with his vows, he executed a will, whereby he gave his entire estate to the Order of St. Augustine. In explanation of his vows, Father Reichart testified that "I cannot own any property of any kind. Anything that I would get goes to the Religious Order or to the Church, whatever is designated". In accordance with his vow, Father Reichart assigned his legacy under decedent's will to St. Rita's Roman Catholic Church.

The Commonwealth objected to the admissibility of all of Father Reichart's testimony, and the court reserved its ruling on the objection. As to that portion of Father Reichart's testimony that relates to his own identity as the legatee named in the will, his Pastorate at St. Rita's Church and membership in the Order of St. Augustine, decedent's early membership in St.

Rita's Parish and her activities in the church, the court finds admissible evidence of circumstances surrounding decedent at the time she made her will that may be properly considered in ascertaining her intention. There is no evidence, however, that decedent was aware of Father Reichart's vow and his obligation to divest himself of the legacy. His testimony as to these facts the court deems inadmissible.

Reverend Bartholomew F. Fair testified on behalf of St. Rita's Church. Father Fair studied canon law at the Catholic University where he received his Doctorate in 1944. He testified that under canon law, which constitutes the legal system of the Roman Catholic Church, Father Reichart by reason of his vows "lost his right to own property" and as Pastor of St. Rita's Church he was required to return the legacy under testatrix' will to the Parish of St. Rita. The Commonwealth objected to the admissibility of the testimony of this witness and the court reserved its ruling. Since there is no evidence that decedent was aware of Father Reichart's vows as a member of the Order of St. Augustine, the court deems the testimony of this witness as irrelevant and inadmissible and sustains the Commonwealth's objection.

Executrix, Helen Linehan, testified that she had known decedent for over 20 years. The church offered to show by the testimony of this witness that decedent had stated to her "that she intended to make a bequest to Father Reichart and she knew it would go for the use of St. Rita's Church." The Commonwealth objected to this offer of proof and its objection was sustained. It is well settled that testatrix' intention must be gathered from the language of her will and may not be supplied by parol evidence unless the will is ambiguous: Mizener's Estate, 262 Pa. 62.

The church would have the court construe decedent's will as if she had inserted prior to Father Reichart's

name the phrase "for the use of St. Rita's Roman Catholic Church" and disregard the words "absolutely and in fee". Obviously, this may not be done. A will must be so construed, if possible, as to give effect to every word employed by testator and a construction which renders any words nugatory and futile must be rejected: Vandergrift Estate, 406 Pa. 14. We cannot attribute to testatrix an intention to write meaningless words into her will, when another construction gives such words intelligent and effective meaning: Irwin's Estate, 304 Pa. 200. Unless no other conclusion is reasonably possible, an interpretation will not be adopted which makes any of the provisions of a will mere surplusage: Moyer's Estate, 280 Pa. 131. Moreover, the court is always reluctant to supply words of material import to a will and will do so only where it is clear from the language and scheme of the will that the word was omitted by mistake: Elkins' Estate, 339 Pa. 193; Sowers Estate, 383 Pa. 566.

We may not surmise, when testatrix gave the residue of her estate to Father Reichart "absolutely and in fee", that she was thinking of him as a trustee for the Order of St. Augustine or for the church. It is not the province of the court to consider what testatrix possibly intended, but only her intention as expressed in the language of her will: Leopold Estate, 356 Pa. 543.

The church cites the Act of June 20, 1935, P. L. 353, 10 PS §81, as authority for its view that the legacy is not taxable. A casual reading of the said statute negates its position. The statute provides:

"Whensoever any property, real or personal, . . . has heretofore been or shall hereafter be *bequeathed*, devised or conveyed *to any* ecclesiastical corporation, bishop, *ecclesiastic* or other person *for the use of* . . . or in trust for religious *worship*. . . ." (Italics supplied).

Decedent did not bequeath the residue of her estate to Father Reichart for the use of St. Rita's Church. She gave him the residue of her estate "absolutely and in fee". It was Father Reichart who inherited the property from decedent. St. Rita's Church acquired the property from Father Reichart by assignment and not from decedent by inheritance. In Pennsylvania Inheritance and Estate Tax Act of 1961, sec. 201-1, under "Discussion", it is stated:

"201-1. Nature of tax: The inheritance tax is an excise tax on the privilege of inheritance (citing cases.) It is a tax on the right to *receive* property and therefore assessed against the recipient (citing cases.)"

The only person who had a right to receive the legacy was the named beneficiary, Father Reichart. His assignment to the church cannot avoid inheritance taxes on the legacy. In Post v. Dougherty, 326 Pa. 97, 101-02, cited by the church, the court said:

"As this court pointed out in the Canovaro case, . . . membership in a congregation and the division, dismemberment or suppression of parishes are purely ecclesiastical matters subject to the church rules and controlled by the decisions of the appropriate church tribunal in so far as they *do not contravene the law of the land.*" (Italics supplied)

The Post case, construing the Act of 1935, involved the suppression of a parish church by the head of the diocese in which the church was located. There was no denial that title to the church property resided in the church. The case is inapposite. In the instant case, the only person who had a right to the legacy was Father Reichart, the named legatee, and his assignment to the church cannot confer on it an exemption from inheritance taxes. Other authorities cited by the church relate solely to ecclesiastical affairs and are inapplicable.

528

For the foregoing reasons, the claim of exemption from inheritance tax is dismissed.

And now, September 3, 1965, my adjudication dated March 3, 1965, is reconfirmed nisi.

SUR EXCEPTIONS TO READJUDICATION

PER CURIAM, November 19, 1965.—At the request of Judge Burke, the auditing judge, this matter was referred back to him in order that he might give further consideration to the tax exemption claim of St. Rita's Roman Catholic Church. The church is assignee of the residuary gift, which testatrix, by express language in her will, gave "absolutely and in fee, to the Rev. Leo J. Reichart, O.S.A." We are unanimous that the action of the learned auditing judge in dismissing the claim is clearly correct. In like situations, the Federal courts have denied exemption from the Federal estate tax: Lamson v. United States, 338 F. 2d 376 (Ct. of Claims, 1964) ; Barry v. Commissioner of Internal Revenue, 311 F. 2d 681 (C.C.A. 9, 1962) ; Cox v. Commissioner of Internal Revenue, 297 F. 2d 36 (C.C.A. 2, 1961).

Accordingly, the exceptions of St. Rita's Roman Catholic Church are dismissed. The adjudication and the readjudication are confirmed absolutely.